### WILLIAMSON CANDY CO. v. UCANCO CANDY CO.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1924.)

No. 6483.

1. **Trade-marks and trade-names and unfair competition ⬤⟶95(3)—Preliminary injunction to restrain use of name "Oh Johnny" as infringing trade-mark "Oh Henry" held properly refused.**

Denial of a preliminary injunction restraining use of the name "Oh Johnny" applied to candy, and claimed to be an infringement of, and in unfair competition with, plaintiff's trade-mark "Oh Henry," applied to a similar product was, within the trial judge's discretion in view of conflicting testimony as to its exclusive use of its alleged trade-mark.

2. **Injunction ⬤⟶135—Granting or withholding preliminary injunction in sound discretion of trial court.**

The granting or withholding of a preliminary injunction rests in the sound discretion of the trial court, especially where the evidence is conflicting.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Injunction ⬤135—Court should exercise care in exercising its discretion in granting preliminary injunction.**

A preliminary injunction is necessarily drastic in its nature, and the court should therefore use great care in exercising its discretion to grant it.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit by the Williamson Candy Company against the Ucanco Candy Company. From a decree granting a preliminary injunction in part, plaintiff appeals. Affirmed.

William S. Little, of Cincinnati, Ohio, James A. Hanley, of Davenport, Iowa, and Francis H. Williams, of Chicago, Ill. (Little, Williams & Little, of Cincinnati, Ohio, on the brief), for appellant.

Charles C. Bulkley, of Chicago, Ill. (Walter M. Balluff and Cook & Balluff, all of Davenport, Iowa, on the brief), for appellee.

Before SANBORN, Circuit Judge, and BOOTH and REEVES, District Judges.

REEVES, District Judge. This is a suit by injunction. Appellant, plaintiff below, obtained a preliminary injunction against the appellee, defendant below; but; such order not being as full as prayed in the bill, it appeals.

Both parties are corporations respectively of Illinois and Iowa and were engaged in the manufacture and sale of certain candy products.

[1] It is alleged in the bill that the appellant had acquired by assignment as a trade-mark for its candy product the words "Oh Henry!" and that said words had been continuously and exclusively used in its business; that said words had not been used commercially in the manufacture and sale of like candy products by any other party or concern and that the word "Oh" in connection with the word "Henry" had been universally recognized as the exclusive property of the complainant and its assignor; and that the character and quality of appellant's candy product, under the trade-mark "Oh Henry!" was of the very highest.

It is further alleged that the appellee has committed,. and is committing, an infringement and unfair competition upon said trade-mark and the use thereof by employing the words "Oh Johnnie!" upon its similar product; that the latter's product is of inferior quality and that the use of the said words upon the wrappers of its candy bars, being less in size than those of appellant, deceives the public and deprives appellant of its legitimate trade.

Upon appellant's application, the court granted a temporary injunction, "restraining the defendant from the use of the label in blue ink now and heretofore used, and that the candy under the designation of 'Oh Johnnie' shall not be sold and distributed under any label which may be readily confused with the label of the complainant. * * * That the defendant is also enjoined from using any advertisement from which it does not clearly appear that the product is manufactured by the defendant company. * * * And the defendant is

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

enjoined from in any manner misrepresenting to any person that the product 'Oh Johnnie' is the same as the 'Oh Henry' except as to size and price. * * * And the defendant is further enjoined from doing any act which in any manner is intended or planned to represent to the public that there is any relation between the two candies produced by the respective parties, or which does not leave the two products upon their respective merits to the public."

The appeal is based solely upon the refusal of the court to grant a temporary injunction against the use by the appellee of the words "Oh Johnnie!" on its candy products.

At the hearing of appellant's application for the temporary injunction, there was testimony tending to support the bill and also testimony tending to sustain appellee's denial that the appellant had exclusively used its alleged trade-mark "Oh Henry!" on its products but that the word "Oh," being the chief subject of controversy, had been used commercially as a trade-mark on like products in connection with other words prior to its adoption by appellant or its assignor.

In relation to this matter, the trial court said:

"The main controversy centers upon the use of the words 'Oh Johnnie' in competition with the use of the words 'Oh Henry' by the complainant. This presents a very close question which I am not going to decide at this time. This case can be finally heard within a reasonable time, and the rights of the parties then determined with reference to this point. I do not feel at present justified in stopping the business of the defendant with reference to the use of those words. The complainant will have its remedy for damages in case it is later found that this is not properly used. The court will be better able to determine the question with reference to the use of these words, when at the final hearing the matter will be presented under the new label."

[2] There is nothing here for this court to decide as the granting or withholding of a preliminary injunction rests in the sound discretion of the trial court. Meccano, Ltd., v. John Wanamaker, 253 U. S. 136, loc. cit. 141, 40 Sup. Ct. 463, 64 L. Ed. 822; Pierce v. National Bank of Commerce (C. C. A.) 268 Fed. 487; American Code Co. v. Bensinger (C. C. A.) 282 Fed. 829.

[3] A preliminary injunction is necessarily drastic in its nature and therefore great care should be had in exercising the discretion lodged with the court. Gasaway v. Borderland Coal Corporation (C. C. A.) 278 Fed. 56; 32 C. J. 33; Joyce on Injunctions, vol. 1, § 109, p. 193.

The rule that the granting or refusal of a preliminary injunction rests in the sound discretion of the court is especially applicable where the granting of the injunction depends upon the determination of questions of fact and the evidence is conflicting as in this case.

It appears from the foregoing that the trial judge reasonably exercised his discretionary power and his decree should be affirmed. It is so ordered.