**UNITED STATES et al. v. DAVID BUTT-RICK CO. et al.**

No. 3234.

Circuit Court of Appeals, First Circuit.

June 16, 1937.

John S. L. Yost, Sp. Asst. to the Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., A. H. Feller, Sp. Asst. to the Atty. Gen., Mastin G. White, Sol., Department of Agriculture, and Mary Connor Myers, Atty., Department of Agriculture, both of Washington, D. C., and Francis J. W. Ford, U. S. Atty., and John A. Canavan, Asst. U. S. Atty., both of Boston, Mass., on the brief), for appellants.

David Greer and Andrew J. Aldridge, both of Boston, Mass. (Greer, Sibley & Crane and Brenton K. Fisk, all of Boston, Mass., on the briefs), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for Massachusetts dismissing a bill in equity on the ground that the court was without jurisdiction of the subject matter of the controversy.

The bill was brought by the United States and Henry A. Wallace, Secretary of Agriculture, to enjoin the defendants, as handlers and distributors of milk in the Greater Boston Marketing Area, from violating Order No. 4, regulating the handling of milk in that area and issued by the Secretary of Agriculture on February 7, 1936, pursuant to section 8c of the Agricultural Adjustment Act of May 12, 1933, as amended August 24, 1935, § 5 (35 Stat. 31, 49 Stat. 750 [7 U.S.C.A. § 608c]).

The bill alleged that the defendants handled milk in the current of interstate commerce and were subject to the provisions of the order. It also alleged certain facts pertaining to the milk industry in New England calling for the issuance of the order; summarized the provisions of the order; and alleged that the defendants were violating its provisions. The prayer of the bill, among other things, asked for a preliminary injunction restraining the defendants from further violating the order and directing compliance therewith. See section 8a (6) (7), as added by Act May 9, 1934, § 4, as amended by Act Aug. 24, 1935, §§ 9, 10 (7 U.S.C.A. § 608a (6, 7).

The defendants filed motions for a dismissal of the bill, one of which reads as follows:

"Now comes the New England Creamery Company and moves the Court not to hear, but to dismiss, this case inasmuch as the bill of complaint shows the Court to be wholly without jurisdiction of the subject matter, it appearing as follows:

"(a) That the alleged cause of action rests solely upon the Agricultural Adjustment Act as amended [7 U.S.C.A. § 601 et seq.], which act, in its entirety has been adjudicated void by the Supreme Court of the United States—an adjudication unqualifiedly binding upon this Court;

"(b) That it is the duty of this Court to decline to hear the case and to dismiss the bill for want of jurisdiction."

In the District Court the case was set down for hearing on the motions; and also on the prayer for a preliminary injunction, as to which the parties had filed affidavits. Without passing upon the affidavits, the court held that it was without jurisdiction to entertain the bill and, this being so, it was "without power to grant the injunctions prayed for." It is from a judgment dismissing the bill based on these rulings that the plaintiffs appeal.

The bill being dismissed solely on the ground that the court was without jurisdiction to entertain it, that ruling necessarily involved a denial of the prayer for a temporary injunction, without regard to the affidavits.

The only question, therefore, now properly before us on this appeal is whether the dismissal of the bill for want of jurisdiction was or was not error.

The District Court, in reaching the conclusion that it did, proceeded on the ground that the provisions of the Agricultural Adjustment Act (7 U.S.C.A. § 601 et seq.), as amended and here relied upon to support the allegations of the bill, were a regulation of, or imposed a limitation upon, the production of agricultural products, which was the feature of the act the Supreme Court held unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 314, 80 L.Ed. 477, 102 A.L.R. 914. In view of this, if the provisions of the act here relied upon to support the bill were not intended to and did not effect a regulation and control of agricultural production, the ruling of the court dismissing the bill for want of jurisdiction cannot be sustained.

The main provisions of the act, upon which the bill and order of the Secretary of Agriculture are based, are sections 8b (as amended), 8c (1) and other subsections

of section 8c (as added by Act Aug. 24, 1935, § 5), 7 U.S.C.A. §§ 608b, 608c. Section 8b confers power upon the Secretary of Agriculture, after notice and hearing, to enter into marketing agreements with those engaged in handling an agricultural commodity or one of its products, but "only with respect to such handling as is in the current of interstate or foreign commerce or which directly burdens, obstructs, or affects, interstate or foreign commerce in such commodity or product thereof." Section 8c (1) authorizes the Secretary to issue orders to those engaged in handling any agricultural commodity or product specified in subsection (2) of that section, and also provides that "such orders shall regulate * * * only such handling of such agricultural commodity, or product thereof, as is in the current of interstate or foreign commerce, or which directly burdens, obstructs, or affects, interstate or foreign commerce in such commodity or product thereof." And subsection (2) of section 8c specifies milk as one of the agricultural commodities or products to which an order may relate and is the commodity constituting the subject of the order in question.

It is apparent from a reading of these provisions that neither section 8b nor section 8c (1) and its subdivisions have any direct relation to the control or regulation of agricultural production, but solely to the marketing of milk and certain fruits bought and sold in interstate commerce—a matter within the exclusive control of Congress and not of the states.

The main provisions of the act, under consideration in the Butler Case, were sections 8 (1), 9 (a) (b), 12 (b), and 16 (7 U.S.C.A. §§ 608 (1), 609 (a, b), 612 (b), 616). Section 8 authorized the Secretary of Agriculture to enter into agreements with farmers for a reduction in their production of agricultural products and for the payment of benefits to such farmers. Sections 9 (a) and 16 respectively laid a processing and floor tax upon manufacturers or processors of agricultural commodities, the production of which the Secretary of Agriculture was authorized by section 8 (1) to enter into contracts for the limitation of their production. And section 12 (b) appropriated the proceeds of the taxes thus imposed to the use of the Secretary of Agriculture for making rental or benefit payments to farmers under the contracts made with them for a limitation of their production.

In the Butler Case the action was brought by the United States against cotton manufacturers to recover processing and floor taxes laid under sections 9 (a) (b) and 16. The principal question in the case was whether the tax was laid for a valid purpose. It was held that it was not as it was laid to make benefit payments under contracts limiting and controlling farm production, a matter over which Congress had no control. The provisions there in question are not here involved. It is true that the ultimate purpose of the act was to increase the purchasing power of farmers, but that purpose was to be accomplished in two distinct ways—one, by the provisions for the limitation and control of farm production, and the other, by the provisions here in question under which the marketing order was made regulating the purchase and sale of milk in interstate commerce. The sections authorizing these two methods of procedure are not mutually dependant, but are wholly distinct and separate. It was not the intention of Congress that, if one of the methods provided was held invalid, the other should fail on that account. Section 14 (7 U.S.C.A. § 614). Even section 2, subdivision (1), 7 U.S.C.A. § 602 (1), declaring the policy of Congress in the enactment of the law, points out the two methods by which its purpose of improving the purchasing power of the farmer was to be brought about; (1) The balancing of production and consumption by restricting the production of farm products; and (2) by improving marketing conditions for such products.

In the Butler Case it was not the purpose of the court to declare invalid all the provisions of the act, but only such provisions as related to the control of agricultural production through benefit contracts and the provisions imposing taxes for the payment of those benefits and nothing more. The opinion in that case opens with the statement: "In this case we must determine whether certain provisions of the Agricultural Adjustment Act, 1933, conflict with the Federal Constitution." The provisions relating to the marketing of milk in interstate commerce cannot be regarded as having been declared invalid in the Butler Case.

We think the District Court erred in reaching the conclusion that it was without jurisdiction to pass upon the questions raised by the bill. See United States v. Edwards (D.C.) 14 F.Supp. 384, and par-

ticularly Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, at page 213, 55 S. Ct. 187, 193, 79 L.Ed. 281.

The judgment of the District Court is vacated and the case is remanded to that court for trial.