## UNITED STATES v. ANDREWS et al.
### No. 85.

District Court, D. Massachusetts.

Jan. 18, 1939.

John A. Canavan, U. S. Atty., of Boston, Mass.

Thomas L. Matthews, pro se.

J. Watson Flett, of Boston, Mass. (Adams & Blinn, of Boston, Mass., of counsel), for J. B. Prescott Co.

Warren Patten, of Boston, Mass., for Eastland Farms Inc.

John A. Murray, of Boston, Mass., for Green Meadow Dairy, Inc.

BREWSTER, District Judge.

This complaint is brought under the Agricultural Adjustment Act, § 8a(6), as amended, 7 U.S.C.A. § 608a(6), to compel compliance with an order of the Secretary of Agriculture, known as amended Order No. 4, regulating the handling of milk in the Greater Boston marketing area. The action is before the court on plaintiff's prayer for a temporary injunction, a restraining order having already been issued.

There are twenty defendants named, all being distributors of milk in the marketing area covered by the order. Affidavits were submitted by the plaintiff and by most of the defendants, from which I find such facts as I deem pertinent to the present question.

1. After public hearings and findings, the Secretary of Agriculture put into effect, as of August 1, 1937, his Order No. 4, as amended regulating the handling of milk in

the Boston area, which includes the City of Boston and thirty-six outlying cities and towns.

2. It is not necessary in these findings to recite the details of the regulatory order other than to note that it provides for the classification of milk according to the uses to which it is put; for a blended price to be paid to producers, with specified differentials; for a method of equalizing sums paid by distributors (hereinafter called "handlers") which requires the handlers to make periodical payments to the market administrator to cover the equalizing, or "settlement payments" so-called, service payments and administration expenses, and also provides for periodical reports by the handlers.

3. The defendants, David Buttrick Company, Louis W. Dean, William A. McAdoo and H. L. Stone Dairy, Inc. purchase milk from dairies in states other than Massachusetts, and are handlers as defined in Article 1 of the Order.

The defendants David Buttrick Company, Louis W. Dean and William A. McAdoo were named as defendants in similar suits, or suit, to restrain violations of Order No. 4 as originally issued. The Buttrick Company and Dean were named in United States v. David Buttrick Company et al., D.C., 15 F.Supp. 655. In this case the action of the District Court in dismissing the bill was reversed by the Circuit Court of Appeals in United States v. David Buttrick Co. et al., 1 Cir., 91 F.2d 66, which remanded the case to the District Court for trial. Since that time nothing seems to have been done toward prosecuting the suit to final decree.

In the suit against McAdoo (Equity No. 4502) a final judgment was entered by consent, requiring the filing of reports under the amended order and with no reference to payments of money.

4. From affidavits it appears, and I find, that the defendants The Buttrick Company, Dean and McAdoo filed, under subsection (15) (A) of section 608c of the Agricultural Adjustment Act, as amended, and regulations issued thereunder, a petition for relief based upon several grounds. This petition was heard by an administrative officer, but no decision has been rendered by the Secretary of Agriculture although the hearings were closed October 6, 1937.

5. Eight of the defendants, namely, James A. Bustead, Bavel L. Cummings, Benjamin R. Greenblott, J. B. Henshaw & Son, Inc., Thomas L. Matthews, Anthony W. Recka, Noel H. St. Germain and Albert T. Waugh, contend that they are not subject to regulation because not engaged in the handling of milk in interstate commerce. Respecting these defendants, I find from their affidavits that they are handlers of milk in the Boston area, who either produce or purchase milk from other producers in Massachusetts, except that occasionally, when necessary to meet their demands, they buy from other handlers who have received milk from producers outside of Massachusetts, the milk so purchased being commingled with the local milk and processed at their respective plants in Massachusetts.

6. The remaining defendants, namely, Melvin Child Andrews, Eastland Farms, Inc., Fairfield Farms, Inc., Rocco L. Grasso, Green Meadow Dairy, Inc., J. B. Prescott Company, George E. Ware Company and White Bros. Milk Co., have either assented to the injunction or have not appeared to contest it.

7. The defendants have failed to comply with the order of the Secretary by refusing to make the equalizing, service and administrative payments, required of them by the provisions of the order, or by failing to render report, which the order commanded. There has, since December 10, 1938, been due from the defendants, in the aggregate, a sum of over $290,000.

8. Some of the defendants have filed affidavits showing that the price that they have paid for milk equals, or exceeds, the blended price paid to producers in accordance with the regulations.

In view of recent adjudications in this Circuit, it must be assumed that the amended Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., meets the test of constitutionality, United States v. Buttrick Co., supra; that the amended Order No. 4 is a valid exercise of the power conferred upon the Secretary of Agriculture by the statute, United States v. Whiting Milk Co., D.C., 21 F.Supp. 321; and that a temporary mandatory injunction was properly issued to enforce compliance with the order, H. P. Hood & Sons, Inc. v. United States, 1 Cir., 97 F.2d 677.

The more difficult question is whether the regulation may be lawfully applied to those defendants, eight in number, whose business is intrastate, unless the fact that,

in emergencies, they augment their local supply by purchases from others engaged in interstate handling is enough to change the character of their business. Assuming, without deciding, that they would be deemed intrastate handlers, it would not follow that they were not amenable to the order. It has been so decided in at least five of the twenty-nine cases, decided by Judge Sweeney with the Whiting Milk Company Case. In United States v. Martines (Equity No. 4539) this question was before the Circuit Court of Appeals, and Martines was enjoined, with the other defendants proceeded against. H. P. Hood & Sons, Inc. v. United States, supra.

This result is not necessarily inconsistent with United States v. Seven Oaks Dairy Co., D.C., 10 F.Supp. 995, decided in 1935. In that case the court held that a similar plan for regulating the milk industry in the Greater Boston area was not authorized by statute. The principal ground upon which the decision turned was that the license brought within its ambit intrastate activities, which the statute did not permit. Since that time, legislation and decisions have worked material changes. The Act before the court, in the Seven Oaks Case, by its terms applied only to those engaged "in the handling, in the current of interstate or foreign commerce of any agricultural commodity or product thereof." 48 Stat. 34, § 8. The statute upon which Order No. 4 is based extends to the handling of such commodities "which directly burdens, obstructs, or affects, interstate or foreign commerce in such commodity or product thereof." 7 U.S.C.A. § 608c (1). That Congress may thus extend the field of Federal regulation is no longer a matter of doubt. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 34, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352. Consolidated Edison Company of New York, Inc. v. National Labor Relations Board, 59 S.Ct. 206, 83 L.Ed. ——, decided Dec. 5, 1938.

It may well be, as plaintiff argues, that if a substantial amount of milk is distributed in the Boston area outside of the regulation, it will seriously interfere and adversely affect the regulation of interstate handling of milk undertaken by the Secretary of Agriculture.

These defendants, therefore, fall within the scope of the amended Act, and within the definition of handlers given in the order. In any event, it has been so assumed in the cases heard by Judge Sweeney, and his action in issuing a temporary injunction has been sustained by the Circuit Court of Appeals, which made no exception with respect to the defendant who claims to be engaged only in intrastate dealings.

Moreover, there is much to be said for the argument that inasmuch as this court, in other suits, has seen fit to enjoin defendants similarly situated, it is only fair to them that these defendants be enjoined.

With respect to those contesting defendants who are obviously engaged in dealing in an agricultural commodity in the current of interstate commerce and who defend on the ground that they are named in earlier proceedings still pending of record, and on the further ground that they have petitioned the Secretary of Agriculture for relief under the amended Agricultural Adjustment Act, it is my opinion that these defenses are without merit. The acts complained of in the latter suit are not those involved in the earlier, and the order sought to be enforced has been materially altered by amendment since the first suit was instituted. As to the petitions pending before the Secretary of Agriculture, the statute expressly provides that "The pendency of proceedings instituted pursuant to this subsection (15) shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title." 7 U.S.C.A. § 608c(15) (B). It is under this section 608a(6) that the suit at bar is brought.

I think it must be conceded that there should be some degree of uniformity among the different judges of this court in the exercise of the jurisdiction conferred upon it by the Act under which these proceedings are brought. In any event, nothing has been brought to my attention which would justify me in departing from the course which has been pursued by my associates, and which apparently has met with the approval of the Appellate Court.

A temporary injunction may issue following the terms of the temporary restraining order.