**UNITED STATES v. WOOD et al.**
No. 210.

District Court, D. Massachusetts.
April 14, 1939.

Edmund J. Brandon, U. S. Atty., of Boston, Mass., and John S. L. Yost and Tom C. Clark, Sp. Assts. to the Atty. Gen., for the United States.

Joel W. Eastman, of Boston, Mass., for defendants Margaret Forbes and Lang Bros., Inc.

William A. Graustein, of Cambridge, Mass., for defendant Ashland Farms Milk Co.

Albert H. Crompton, pro se.

Joseph S. Kaufman, of Lynn, Mass., for defendant Frank A. Lanzillo, Jr.

Philip B. Carter, of Melrose, Mass., for defendant George E. Antunes.

Harold D. Hunt and MacMaster & Hunt, all of Bridgewater, Mass., for defendant A. R. Parker Co.

W. Leroy Temple, of Marlboro, Mass., for defendant Dairymen's Cooperative Assn.

Charles S. Walkup, Jr., of Boston, Mass., for defendants Holden and others.

Joseph Fisher, of Boston, Mass., for defendant Michael J. Quinn.

BREWSTER, District Judge.

This is another complaint brought under the Agricultural Adjustment Act, § 8a (6), as amended, 7 U.S.C.A. § 608a(6), to compel compliance with an order of the Secretary of Agriculture, known as amended Order No. 4, regulating the handling of milk in the Greater Boston marketing area. The action is before the court on plaintiff's prayer for a temporary injunction, a restraining order having already been issued.

There are 68 defendants, all alleged to be distributors of milk in the so-called "Boston area". For convenience, each defendant has been given a number, and for the sake of brevity they will be sometimes hereafter referred to only by number.

The matter was heard on verified pleadings and supporting affidavits by the plaintiff and counter-affidavits by some of the defendants. Since this suit does not basically differ from earlier cases considered by this court in United States v. Whiting Milk Co., 21 F.Supp. 321 and companion cases, H. P. Hood & Sons, Inc. v. United States, 1 Cir., 97 F.2d 677 and United States v. Andrews, D.C., 26 F.Supp. 123, it will not be necessary to extend the record by recital of the history of the order or the elaborate provisions of it, except as necessary to present the alleged violations of the order by the defendants.

1. Defendant No. 1, Harry Emerson Wood, buys his supplies from other handlers only. As a handler-buyer, he is not required to make payments but is required to periodically file with the Market Administrator detailed reports of receipts of milk and its disposition. This defendant is alleged to have failed to comply with this requirement.

2. Defendants Nos. 2 to 15, inclusive, designated as Group A, are charged with failure to comply with the request of the Market Administrator for information, as required by paragraph 1, Sec. 2 of Article V of the order, which requires each handler to report to the Market Administrator, after his request, with respect to any producer for whom such information is not in the files of the Market Administrator, and with respect to a period, or periods, of time designated by the Administrator (a) the name and address, (b) total pounds of milk delivered, (c) the average butter test of milk delivered, and (d) the number of days upon which deliveries were made.

3. Defendants Nos. 16 to 20, inclusive, designated as Group B, are alleged to have violated the order by refusing, or failing, to submit producer payrolls, required by sec. 2 of Article V.

4. Defendants Nos. 2 to 44, inclusive, which include Groups A, B and C, are alleged to have violated the order by failing to comply with the provisions of section 1 of Article V for certain specified periods. This section requires periodical reports by handlers with respect to milk or cream (a) received from the producer, (b) received from handlers, (c) produced by the handler.

5. Defendants Gage L. Roberts (No. 65) and Weiler-Sterling Farms Co. (No. 20), according to allegations, have refused to permit the agent of the Market Administrator to verify the information contained in reports submitted in accordance with Article V of the order. Section 5 of said Article V permits such verification.

6. It is alleged that the defendants, whose numbers follow, have failed to make the payments as required by paragraph 3, section 1 of Article VIII and section 1 of Article IX. These defendants are Nos. 1, 2, 16 to 20, inclusive, 21, 23 to 25, inclusive, 27, 28, 30, 33, 35 to 37, inclusive, 39 to 68, inclusive. The amount due from each defendant is set forth in detail in paragraph 21 of the complaint, which may, by reference, be incorporated in these findings. The aggregate of such overdue payments amounts to over $71,300.

7. The above allegations are supported by proof and I adopt them as my findings except as modified by the following:

(a) According to the affidavit of the Acting Market Administrator, defendants Nos. 2, 18, 52, 55, 57, 62 and 67 have at some time operated as handlers since the order became effective, but who now claim to have ceased such business at some time before this action was brought. This claim has been established as to the defendant Edson A. Porter (No. 2) and Harold W. Holden (No. 57).

(b) The defendant Dutchland Farms, Inc. (No. 51) is no longer a handler, and a recent audit shows that it is indebted to the Market Administrator for only a small sum.

(c) The defendant Lillian L. Kinsman (No. 60) is joined as administratrix of James P. Kinsman. She has been authorized by the Probate Court, having jurisdiction over the estate, to carry on the business of the late James P. Kinsman.

(d) It appears that the defendants Margaret A. Forbes (No. 54) and Lang Bros. Inc. (No. 35) have endeavored and are still endeavoring to comply with all the requirements of the order, but controversies have arisen between these defendants and the Market Administrator over the administration of the order, these defendants asserting that the acts of the administrator are arbitrary and unlawful. These controversies may well be left to the time when the merits of the suit will be heard.

(e) Since the suit was brought, Thomas W. and John T. Musgrave (No. 36) and Timothy J. Quinn (No. 40) have filed reports covering the delivery period specified in the complaint. George W. Pierce (No. 37) has filed reports for delivery period from August 1, 1938, through October 31, 1938, and defendant Harry Emerson Wood (No. 1) has filed report for the period February 1, 1939, to February 28, 1939. All of these defendants owe the Market Administrator for producer settlement, expenses and services, as alleged in the complaint.

(f) It is shown that of the defendants, fifteen are engaged in selling only milk produced by themselves for purchase in Massachusetts. These are Nos. 3, 4, 5, 8, to 12, inclusive, 15, 21, 26, 34, 42, 46 and 59. These defendants distribute, so far as the affidavits disclose, about 8,000 quarts daily. This is not a complete record, as some of the affiants in this category have failed to state the extent of their business.

(g) Five of the defendants, namely,— Nos. 7, 41, 57, 58 and 65, produce or buy their milk in Massachusetts, except in cases of emergency when a small quantity is

bought from other handlers. Two of these five defendants distribute about 2,300 quarts daily.

8. I find further that the accomplishment of the purposes of the order depend upon its effective and orderly administration and enforcement and upon compliance with all of the applicable provisions by all of the handlers of milk subject thereto. The Secretary of Agriculture has already caused to be filed in this court thirty-one cases which are commonly known as the "Hood cases", and one case against the handlers, United States v. Andrews, supra, commonly known as the "Andrews case". Defendants in these cases are now under injunctions requiring compliance with the order. Complete justice cannot be accorded among handlers of milk in the Boston area unless the defendants named in this complaint are also forced to comply with the order.

The Secretary is hampered in the proper administration of the order and in effectuating policies of the act and the order by the violations alleged in the complaint.

9. It appears that the defendants George C. Owen (No. 18) and Frank Mac-Quarrie (No. 62) have never received notice of the application for an injunction.

The law applicable to the situation, disclosed by the foregoing facts, has been fully covered in cases cited herein, and there would seem to be no occasion for reiterating the conclusions stated in my opinion in United States v. Andrews, supra. I might add that since that decision Judge Sweeney has handed down his opinion upon the merits in the cases of United States v. H. P. Hood & Sons, Inc., D.C., 26 F.Supp. 672, and 10 companion cases, opinion filed February 23, 1939, in which the order has been upheld and violations enjoined.

The only question which is peculiar to this suit is the one raised by the defendant Kinsman, referred to in paragraph 7 (c) in my findings, who contends that she is not subject to any regulations because she is doing business under order of the Probate Court. I seriously question the authority of a Probate Court to authorize an administratrix to carry on a decedent's business in violation of valid laws or regulations, either State or Federal.

On the authority of United States v. Andrews, supra, and cases cited therein, and Judge Sweeney's case cited above, I rule that the plaintiff is entitled to injunctive relief in accordance with its prayer, except that the application for an injunction will be denied without prejudice as to the defendants George C. Owen (No. 18), Lang Bros. Inc. (No. 35), Dutchland Farms, Inc. (No. 51), Margaret A. Forbes (No. 54) and Frank MacQuarrie (No. 62).