878

## UNITED STATES et al. v. DAVID BUTTRICK CO. et al.

### No. 4315.

District Court, D. Massachusetts.

Aug. 3, 1939.

John A. Canavan and John S. L. Yost, Sp. Assts. to Atty. Gen., for plaintiffs.

Jacob H. Tupman, of Lynn, Mass., for defendant Mary D. Pezold.

Andrew J. Aldridge, Brenton K. Fisk, and David Greer, all of Boston, Mass., for defendant New England Creamery Co.

Francis J. Kelley, of Boston, Mass., for defendants Wm. J. James, and Frank P. Martines, (Blue Ribbon Dairy Co.).

Charles S. Walkup, Jr., of Boston, Mass., for defendant Mason's Creamery Co.

Joel W. Eastman, of Boston, Mass., for defendant Glendale Milk Farm, Inc.

Greer, Sibley & Crane, of Boston, Mass., for defendants George L. Chapin, Howard R. LeFavour, Robert Knapp, Louis W. Dean (Dean Dairy), M. W. Comiskey (Valley Farm), Elm Spring Farm Co., Green Valley Creamery, Inc., William T. Jones Company, A. J. Robinson, Hugh H. Rodden, Seven Oaks Dairy Co., Thomas Seymour (Seymour Dairy Products), Clinton W. Spear, Westwood Farm Milk Company, Wellesley Farms Dairy, Inc., Charles L. Woodland, Edward Weiler et al. (E. Weiler & Sons), and David Buttrick Co.

Charles S. Walkup, Jr., of Boston, Mass., for defendant Thomas Seymour (Seymour Dairy Products), W. P. Elliott Co., George Constantinides (West Lynn Creamery), F. W. Laroe and John E. Burr (Laroe & Burr), and Haines-Ce-Brook, Inc.

Samuel D. Elmore, of Boston, Mass., for defendant Haines-Ce-Brook, Inc.

Frederick M. Sears, Jr., of Boston, Mass., for defendants Robert B. and Fred W. Woodland.

BREWSTER, District Judge.

This suit is brought against 28 defendants, distributors of milk, in Boston and surrounding cities and towns, constituting what is described in the bill of complaint as the Greater Boston Marketing Area. The suit is brought to enforce compliance with an order of the Secretary of Agriculture, known as Order No. 4, regulating the handling of milk in the marketing area. The matter is now before the Court on plaintiffs' motion for a summary judgment under Rule 56 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the pleadings and affidavits.

The complaint has been dismissed as to the defendants Blue Ribbon Dairy and it is conceded that as to the defendants Thomas Seymour and Weiler & Sons the

bill of complaint also is to be dismissed. It remains to be considered whether, and to what extent, the case can be adjudicated against the remaining 25 defendants upon the pleadings and plaintiff's affidavit.

The allegations of the bill of complaint are numerous covering a wide field. These allegations relate to the Agricultural Adjustment Act as amended by the Act of August 24, 1935, 7 U.S.C.A. § 608c; to Order No. 4 issued pursuant to the provisions of said statute; to the preliminary steps leading up to the issuance of the order; to the necessity for regulating the milk industry in New England; to the reasons for the provisions of the order and an explanation thereof; and to the failures of the defendants to comply with the terms of the order. All of the defendants, other than Mary D. Pezold and the New England Creamery Company, admit that they are handlers or distributors of milk in the Marketing Area. With these exceptions, all of the defendants expressly deny all the allegations of the bill of complaint, or state that they are without knowledge or information sufficient to form a belief as to the truth of the averments.

It is possible to state the issues arising from the pleadings in a few words. These issues involve (1) the constitutionality of the Act as amended in 1935, (2) the constitutionality and legality of the Order No. 4, (3) the sufficiency of the preliminary steps required by the Act to be taken by the Secretary of Agriculture, and (4) the adequacy of the reasons for regulating the milk industry in New England. There is also the issue whether Mary D. Pezold and the New England Creamery Company are subject to the order.

■ First: The Agricultural Adjustment Act as amended in 1935 has been held to be constitutional in this Circuit. United States et al. v. David Buttrick Company et al., 1 Cir., 91 F.2d 66. Moreover there is no essential difference between the marketing provisions of the Act considered in the Buttrick case and those in the Act as amended in 1937, which was upheld as constitutional. H. P. Hood & Sons v. United States, 59 S.Ct. 1019, 83 L.Ed. ——, decided June 5, 1939; United States v. Rock Royal Cooperative, 59 S.Ct. 993, 83 L.Ed. ——, decided June 5, 1939.

■ Second: Respecting the validity of Order No. 4, the order differs somewhat from the amended order which was before the Court in the Hood case, in that it provided that the uniform price should be paid to producers upon quantities determined by the Market Administrators. The provisions of the order, however, left the producer free to produce as much milk as he chose. He was at liberty to sell outside of the market area and, as I read the order, he could sell within the market area but could only receive the uniform price upon the base quantity. The order, therefore, was no more objectionable than the order which was upheld by the Court in the case of Currin et al. v. Wallace, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441. In all essential respects, the order was considered by the Court in the Hood case and found to be valid.

■ Third: In order to dispose of the Hood case, it was necessary for the Court to deal with the acts of the Secretary of Agriculture preliminary to the promulgation of the original order issued February 7, 1936, the sufficiency of which had been attacked by the defendant in that case. The opinion of the Court amounts to a judicial determination that the Secretary of Agriculture fully complied with all the statutory requirements, including the findings and proclamation by the Secretary respecting the base period for the purposes of the order.

■ Fourth: The decisions in the Hood case and the Rock Royal Cooperative case leave no room for arguing that the Secretary exceeded his authority in putting into effect Order No. 4 regulating the milk industry in New England.

Furthermore, it may be noted that 20 of the 26 defendants in the instant case were named as defendants in a group of 30 cases brought with the Hood case and which were determined by the decision in that case.

I am of the opinion, therefore, that notwithstanding the denials of the defendants, no genuine issue is presented on the pleadings except those relating to the question whether defendants Pezold and New England Creamery Company are subject to its provisions.

Some of the defendants contend that they are producers as well as handlers. It is agreed that, notwithstanding their admissions, they should be allowed to establish this fact.

The plaintiff's motion for a summary judgment will be allowed except that jurisdiction will be reserved to determine

880

in future proceedings the following matters (1) the status of the defendants Mary D. Pezold and the New England Creamery Company, (2) in case of disagreement, the amount due from each defendant, and (3) the right to determine whether any of the defendants are producer-handlers.