## UNITED STATES v. HUGHES et al.
### No. 18.

District Court, E. D. Washington, S. D.

Aug. 15, 1939

978

Sam M. Driver, U. S. Dist. Atty., of Spokane, Wash., and John S. L. Yost and Charles J. McCarthy, Sp. Assts. to Atty. Gen., for the United States.

Cheney and Hutcheson, of Yakima, Wash., for defendants.

CAVANAH, District Judge.

The United States has made application for a preliminary injunction requiring defendants to comply pendente lite with the Agricultural Marketing Act of 1937, 50 Stat. 246, as amended, and with the provision of Order No. 28, issued by the Secretary of Agriculture, of August 11, 1938, regulating the handling in Interstate Commerce, hops grown in the states of California, Oregon and Washington. The Act of 1937 was amended April 13, 1938 by including hops as one of the commodities subject to orders issued pursuant thereto. It was further amended May 26, 1939, 7 U.S.C.A. §§ 608c(2, 6), 608c—1. No orders issued pursuant to Section 8c of the Agricultural Adjustment Act, as amended, shall be applicable to hops after September 1, 1942. The constitutionality of the Agricultural Adjustment Act has been recognized by the Supreme Court on several occasions where the conclusion was reached that it constitutes a regulation of Interstate Commerce within the competency of Congress under the power delegated to it by the Constitution, U.S.C.A. Const. art. 1, § 8, cl. 3, and when in summarizing its provisions it was said that it fixes the quota and allotment among states and farms and was aimed at assisting in the marketing of agricultural commodities and that the motive of Congress has no bearing on the legislation: United States v. Rock Royal Co-operative, Inc., et al., 59 S.Ct. 993, 83 L.Ed. ——; H. P. Hood & Sons, Inc., et al. v. United States, 59 S.Ct. 1019, 83 L.Ed. ——; James H. Mulford et al. v. Nat Smith et al., 59 S.Ct. 648, 83 L.Ed. ——, decided April 17, 1939. These recent decisions of the Supreme Court have extended the power of Congress under the commerce clause as to commodities produced on farms. The 9th, 5th and 1st Circuit Courts of Appeal have also held the Act constitutional. Edwards v. United States, 9 Cir., 91 F.2d 767; Wallace v. Hudson-Duncan & Co., 9 Cir., 98 F.2d 985; Whittenburg et al. v. United States, 5 Cir., 100 F.2d 520; United States v. David Buttrick Company et al., 1 Cir., 91 F.2d 66. So the controversy here resolves itself around Order No. 28, made by the Secretary. The order is a culmination of an effort to work out a plan to regulate the marketing of hops for the area where they are produced. The order provides for the creation of a central board, and growers allocation committee to administer it. It is charged that subsequent to May 31, 1939, and to July 19, 1939, the defendants have continued to handle hops in violation of the provisions of the Order. More than 90% of the hops produced annually in the three states are sold outside of them, and a large portion sold within them travel normally in the current of Interstate commerce, and therefore it is charged that the defendants in their business are in active and substantial competition with other handlers of hops who are complying with the order. The instances in which it is charged that the defendants have violated the Order are specifically recited in the complaint and are controverted by the defendants, which require a consideration of the affidavits of the respective parties. It is further charged that the Secretary in the order did not comply with the Act; that seedless hops are a different commodity than seeded hops and that the marketing agreement is a confiscation of the defendants' business, and that the life of the Order has terminated.

When we approach, at this time a consideration of the objections raised, we are mindful of the rule that: "On an application for a preliminary injunction, it is not necessary that a case should be made out that would entitle complainant to relief at all events on the final hearing. If complainant has made out a prima facie case or if from the pleadings and the conflicting affidavits it appears to the Court that a case is presented, proper for its investigation on a final hearing, a preliminary injunction may issue to maintain the status quo." 32 C.J. 351.

It is sufficient to say without reciting in detail upon this hearing, that although a conflict appears, there are sufficient facts disclosed by the pleadings and affidavits establishing a prima facie case as to the questions raised, and a violation of the order by the defendants, which are ultimately to be determined upon final hearing, and that the Act of Congress making the handling of hops subject to order of the Secretary does not provide for any exemption of seedless hops and that

the order does not in that respect violate the Act of Congress. As to the life of the marketing agreement it is apparent that, from the record it has not terminated and applies to the marketing of hops for the period contended for by the plaintiff.

The conclusions thus reached require the issuance of a preliminary injunction as prayed for in the complaint.