## WALLING v. STYLISH EMBROIDERY STUDIO, Inc.

District Court, S. D. New York.

June 11, 1945.

Irving Rozen, Regional Attorney, U. S. Dept. of Labor, of New York City, for plaintiff.

Abraham Dolinsky, of New York City, for defendant.

MANDELBAUM, District Judge.

The Wage and Hour Administrator seeks an injunction pendente lite restraining the defendant from violating certain provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., in respect to minimum wages for homeworkers employed by defendant and the record keeping requirements. It is also alleged that the defendant violated the further requirement that certificates be obtained for such homeworkers pursuant to the wage order for the Embroideries Industry, Regulations Part 633.

The affidavits submitted by plaintiff are not controverted as to any of the facts alleged therein. The defendant has not submitted any affidavits in opposition and merely relies on its denials of the charged violations and, although in effect, conceding violations of the minimum wage and record-keeping provisions which in and of themselves would afford injunctive relief against the defendant, contends that the Administrator is without power to seek the remedy of injunction prohibiting homework where no certificates are obtained.

The cases of Gemsco, Inc., v. Walling, Maretzo v. Walling and Guiseppi v. Walling, which were consolidated and decided by the Supreme Court on February 26, 1945, 324 U.S. 244, 65 S.Ct. 605, 607, appear to be decisive of the issue raised by defendant. The question before the Court was stated as follows: "It is whether respondent, as Administrator, has authority under Section 8(f) of the Fair Labor Standards Act, 52 Stat. 1060, * * * to prohibit industrial homework as a necessary means of making effective a minimum wage order for the embroideries industry."

Mr. Justice Rutledge for the Court, in upholding the power of the Administrator discussing the provisions of the Act and the regulations issued by the Administrator, which apply equally in this case, stated: "Petitioners' arguments have been directed chiefly to the power to prohibit. If valid,

they would apply equally to the authority to restrict or regulate. They would nullify the Administrator's power to establish or maintain minimum wages in the embroideries industry. They can have no such potency."

For the prima facie failure, therefore, on the part of the defendant to comply with the provisions of the Act as stated and with the Regulation promulgated by the Administrator thereunder, it is in the public interest that injunction issue.

Plaintiff's motion for a temporary injunction is accordingly granted.

## Findings of Fact

1. The defendant has failed to maintain minimum wage standards.

2. The defendant has failed to keep proper books and records.

3. The defendant has failed to obtain certificates from the Administrator for its homeworkers.

4. The defendant has not controverted the violations charged against it.

## Conclusions of Law

1. The Administrator has the authority to seek injunctive relief for failure to comply with the provisions of the Act or any Regulation thereunder.

2. The temporary injunction should issue in the public interest.

Settle order on notice.