DOUDS, Regional Director of Second Region of National Labor Relations Board, v. WINE, LIQUOR AND DISTILLERY WORKERS UNION, LOCAL 1, DISTILLERY, RECTIFYING AND WINE WORKERS INTERNATIONAL UNION OF AMERICA, A. F. OF L.

District Court, S. D. New York.
Dec. 11, 1947.

On Further Hearing Jan. 8, 1948.

Reeves R. Hilton, of Washington, D. C., Jack Davis, of New York City, Winthrop A. Johns, of Washington, D. C., and Paul S. Kuelthau, of New York City, for petitioner.

Poletti, Diamond, Rabin, Freidin & Mackay, of New York City (Jesse Freidin, of New York City, of counsel), for Schenley Distillers Corporation.

Cohen & Burlakoff, of New York City (Joseph E. Brill, Arnold Cohen, and Edward J. Ennis, all of New York City, Harold Krieger, of Brooklyn, N. Y., and Bernard Burlakoff and Coleman Gangel, both of New York City, of counsel), for respondent.

Rivkin & Rosen, of New York City (Louis Rivkin, of New York City, of counsel), for Jardine Liquor Corporation.

RYAN, District Judge.

The Regional Director of the National Labor Relations Board has filed a petition for injunctive relief under Section 10(*l*) of the National Labor Relations Act, as amended by Chapter 120, 80th Congress, 29 U.S.C.A. § 160(*l*).

The petition charges that respondent "has engaged in and is engaging in conduct in violation of Section 8(b), subsection (4) (A) of the Act," 29 U.S.C.A. § 158(b) (4) (A), and is based upon proceedings pending before the National Labor Relations Board which were instituted by the filing of charges on behalf of the Schenley Distillers Corporation and the Jardine Liquor Corporation.

This Court acting upon the petition of the Regional Director issued a rule to show cause on December 8, 1947, directing the respondent to show cause on December 10, 1947 why the respondent should not be enjoined and restrained as prayed for in the petition.

At the time of the filing of the petition and the application for the rule to show cause, no request was made for a temporary restraining order.

Upon the return of the rule, respondent appeared by attorney and the charging parties, Schenley Distillers Corporation and Jardine Liquor Corporation, also appeared and were given an opportunity by the Court to present relevant testimony or evidence. The Regional Director, appearing in person and by counsel on the return day, requested that the Court issue a temporary restraining order granting the relief prayed for in the petition, pending the hearing and determination of the application which the Regional Director had made for injunctive relief. Respondent, by its attorney, requested that the hearing on the petition be adjourned so as to afford it sufficient time to examine the law and gather evidence, which might be submitted to the Court to put in issue the matters alleged in the petition and in the supplemental and

supporting affidavits, which were submitted on the return day.

The Regional Director alleges in his petition that he has investigated the charges, and that "After such investigation, petitioner has reasonable cause to believe said charges are true and that a complaint of the Board, based thereon, should issue against Local 1. Upon the basis of such investigation, and the evidence disclosed as a result thereof, petitioner has reasonable cause to believe, and believes, that Local 1 has engaged in and is engaging in conduct in violation of Section 8(b), subsection (4) (A) of the Act and affecting commerce within the meaning of Section 2, subsections (6) and (7) of the Act." 29 U.S.C.A. § 152(6, 7). Petitioner has also advised the Court, through its attorney, that substantial and irreparable injury to the charging parties will be unavoidable unless a temporary restraining order issue.

■ Opportunity was afforded respondent, in connection with the application of the petitioner for a temporary restraining order, to produce or examine witnesses, and respondent did not avail itself of this privilege. Respondent did request that it be permitted to examine the Regional Director to ascertain the nature and extent of the investigation he alleges he conducted in connection with the complaints of the charging parties, and to inquire into the good faith of the Regional Director in the filing of the petition. The Court refused to accept such evidence or to inquire, on this application for a temporary restraining order, into the good faith of the Regional Director or into the extent and nature of the investigation, the Regional Director alleges he conducted and caused to be made. For the purpose of this hearing, the Court will assume that the Regional Director acted in good faith and faithfully carried out and performed the duties imposed upon him by law. Matter of Marcellus' Estate, 1900, 165 N.Y. 70, 58 N.E. 796, 798: "The general presumption is that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done. Mandeville v. Reynolds, 68 N.Y. 528, 534; Hartwell v. Root, 19

Johns. 345 [10 Am.Dec. 232.]" The Court permitted respondent to submit affidavits and other documentary proof, providing the same were filed by 11 a. m. on the day following the return of the rule to show cause. Respondent did submit a number of affidavits, and they have all been considered by the Court.

■ The Court, by the provisions of Section 10(l) of the National Labor Relations Act, amended, has power under the circumstances here presented to grant the temporary restraining order, which the petitioner seeks, and application for such temporary restraining order may be made either at the time of the filing of the petition with the Court upon the return day of the rule to show cause, or at any time during the proceedings. The Court finds, in view of the urgency of the situation presented by the petition, the supporting affidavits and the statement of counsel for the petitioner, in Court, that ample notice of the application for a temporary restraining order has been given to respondent.

■■ It is an elementary rule of equity practice that the granting of temporary injunctive relief pending further determination of the issues is within the sound discretion of the Court. Buffington v. Harvey, 95 U.S. 99, 100, 24 L.Ed. 381; Rice & Adams Corp. v. Lathrop, 278 U.S. 509, 514, 49 S.Ct. 220, 73 L.Ed. 480; Alabama v. United States, 279 U.S. 229, 230, 231, 49 S.Ct. 266, 73 L.Ed. 675. Such temporary relief is always appropriate where the immediate relief sought is of the same character as that which may be granted finally. DeBeers Consolidated Mines v. United States, 325 U.S. 212, 219, 65 S.Ct. 1130, 1134, 89 L.Ed. 1566.

■ The Court accepts the findings of the Regional Director that there is reasonable cause to believe that the charge made is true—that the respondent has been and now is engaged in conduct in violation of Section 8(b), subsection (4) (A) of the aforesaid Act, and affecting commerce within the meaning of Section 2, subsections (6) and (7) of the Act, and that substantial and irreparable damage to the charging parties will be unavoidable unless a temporary restraining order of this Court

issue immediately and pending the hearing and determination on the merits of the application.

■■ The evidence presented warrants the granting of the relief now sought. It is well established that where the court has jurisdiction to grant an injunction by final decree, it has jurisdiction to grant a preliminary or temporary injunction, and "to make out a case warranting a preliminary injunction the complainant need not make out such a case as will entitle him to a decree on final hearing." American Code v. Bensinger, 2 Cir., 282 F. 829, 835. Accord: Williamson Candy Co. v. Ucanco Co., 8 Cir., 297 F. 454, 456; In re South State Street Corporation, 7 Cir., 140 F.2d 363, 366; Premier-Pabst Sales Co. v. McNutt, D. C., 17 F.Supp. 708, 714; Walling v. Stylish Embroidery Studio, Inc., D.C., 63 F.Supp. 343; United States v. Hughes, D. C., 28 F.Supp. 977, 978.

■ Apart from the presence of the traditional equity criteria applicable in suits between private parties, the petitioner has met fully the requirements of the Act. It is well established that where Congress sets the standards for the issuance of injunctions, only those standards need be satisfied to obtain injunctive relief. The Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 88 L.Ed. 754; S. E. C. v. Jones, 2 Cir., 85 F.2d 17; S. E. C. v. Torr, 2 Cir., 87 F.2d 446, 450; American Fruit Growers v. United States, 9 Cir., 105 F.2d 722, 725; United States v. Adler's Creamery, Inc., 2 Cir., 110 F.2d 482.

■ The Court will grant such temporary restraining order as prayed for by the petitioner, and such order shall be effective for no longer than five (5) days from the time it is signed. The Court does not, by the granting of this temporary restraining order, pass upon the ultimate merits of the issues raised by the allegations of the petition and the supporting affidavits and the affidavits submitted by the respondent. These matters cannot be determined at this time without affording the parties to the proceedings an opportunity to present and offer such additional proof and evidence as they deem advisable.

The hearing upon the petition is on respondent's request adjourned for further hearing before this Court to December 16, 1947, at 10:30 a. m.

### On Further Hearing.

At the time the temporary restraining order was issued on December 11, 1947, I found from the evidence then submitted to me by affidavit that substantial and irreparable damage would be unavoidably suffered by the charging parties, the general public and done to interstate commerce, if the immediate relief sought were not promptly granted. Accordingly, I made the restraining order.

From the evidence and testimony thus far presented on the hearing of the petition, I find that there has been a definite and distinct change in the factual situation present on December 11, 1947.

The men at the plant of George F. Stagg, Co. at Frankfort, Kentucky, have returned to work; their difficulties have been adjusted and settled and the terms of a new contract have been agreed upon, only the formal signing of the contract remaining to be done. This is in abeyance and pending only the determination by the Board of a petition filed by a minority of the workers for decertification of the union.

Grievances, complaints and differences among all the distributors in the metropolitan area (through whom the charging party, Schenley, asserts the secondary boycott was imposed) have been adjusted. This has been accomplished and evidenced by stipulations and agreements signed by the distributors, admitting the existence of such grievances and complaints, in all situations except one—the Jardine Liquor Corporation. In this instance, the respondents did have grievances and differences with the employer, the employer did recognize and adjust them, but refused to sign a stipulation or statement. The members of the respondent union are now at work for all of these employing distributors.

The provisions of the new Act, Public Law 101, 80th Congress, Chapter 120, 1st session, 29 U.S.C.A. § 141 et seq., which govern the issuance of injunctions and proceedings of the nature here involved, are found in Sec. 10(l) and the portions applicable are as follows:

"Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provision of law: Provided further, That no temporary restraining order shall be issued without notice unless a petition alleges that substantial and irreparable injury to the charging party will be unavoidable and such temporary restraining order shall be effective for no longer than five days and will become void at the expiration of such period."

The temporary restraining order made herein was upon notice to the respondents and after an opportunity had been given them to be heard and present evidence in opposition.

The statute clearly empowers the court to grant a temporary restraining order upon notice "as it deems just and proper, notwithstanding any other provision of law." Although there are no other limitations on the power of the court to grant temporary restraining orders upon notice, it is my opinion that the proviso of the Act that no temporary restraining order shall issue without notice "unless a petition alleges that substantial and irreparable injury to the charging party will be unavoidable," should serve as a guide and norm to the court when interpreting and applying what it "deems just and proper."

The danger of impending or continued substantial and irreparable damage to the charging parties, the general public and interstate commerce is no longer present and the temporary restraining order is therefore vacated.