Philip FUSCO, Regional Director of the Eighth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

RICHARD W. KAASE BAKING CO., and Bakery & Confectionery Workers International Union of America, Local 19, Independent, Respondents.

Civ. No. C 62–261.

United States District Court
N. D. Ohio, E. D.

May 23, 1962.

See also 205 F.Supp. 465.

Stuart Rothman, Gen. Counsel, and James M. Fitzpatrick and James A. Sullivan, of Washington, D. C., for plaintiff, the United States.

Jack G. Day and Bernard A. Berkman, Cleveland, Ohio for respondent Bakery & Confectionery Workers International Union of America, Local 19, and for Richard W. Kaase Baking Co., Edward Chitlik, Cleveland, Ohio.

GREEN, District Judge.

The National Labor Relations Board, hereafter called the Board, brought this action against respondents seeking injunctive relief under § 10(j) of the National Labor Relations Act, 29 U.S.C.A. § 160(j). Respondent Union, on March 27, 1962, served Notice to Take Deposition on Philip Fusco, Regional Director of the Eighth Region of the Board, and on Arthur Mattson, an Attorney of the Eighth Region.

Thereafter, subpoenas were served on these individuals. The Mattson subpoena called upon him to testify only, and the Fusco subpoena called upon him to testify and produce:

"all affidavits and statements of employees of Richard W. Kaase Company, and all reports, memoranda, records, correspondence, and all other paper writings of whatever kind and nature whatsoever taken, acquired, or accumulated by the National Labor Relations Board or its agents in connection with, relating to, or in support of unfair labor practice charges and the decision to issue consolidated and amended complaints in National Labor Relations Board Cases Nos. 8–CA–2597 and 8–CB–575.

"Also bring with you affidavits, statements, reports, memoranda, records, correspondence, and all other paper writings of whatever kind or nature whatsoever in all other cases during your term as Regional Director of the 8th Regional National Relations Board, in which you petitioned for injunction under 29 U.S.C. § 160(j)."

Petitioner filed a Motion to Quash Subpoenas and Notice to Take Depositions. At a hearing held in chambers, counsel for petitioner stated that he would make Mattson and Fusco available for deposition, but would instruct them to testify only as to their identities and would decline to produce the documentary material called for in the Fusco subpoena.

It thus appeared that the Court was actually called upon to determine the permissible limits of interrogation, rather than respondent's right to take the depositions, and this motion was treated accordingly.

As time was of the essence, a simple order was entered by the Court permitting respondent to proceed with the depositions with limitations, with the understanding that an explanatory memorandum would follow. This is to serve that purpose.

■■ Petitioner relies upon § 102.118 of the Rules and Regulations of the Board as the basis for withholding the information sought by respondent. This section reflects what is commonly referred to as "governmental privilege", and is a prohibition enjoining officers or employees of the Board from producing documents or testifying in any judicial or quasi-judicial proceedings regarding information obtained in an official capacity, unless consent is secured from the Board to do so. It is further provided that in a hearing under § 10(c) of the Act a witness's statement shall be produced once his testimony is completed.

It is conceded that requisite permission was neither requested nor granted.

Respondent does not challenge the authority of the Board to adopt the regulation, nor contest the validity thereof. Respondent claims, however, that the Federal Rules of Civil Procedure obtain in this action, and that thereunder it is entitled to the information sought, the administrative regulation notwithstanding.

Rule 1 of the Federal Rules 28 U.S.C.A. provides:

"These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81 * * *."

Rule 81 lists certain exemptions from the application of the Rules. 10(j) proceedings are not among those enumerated.

The Court of Appeals for this Circuit indicated general guide lines for determining whether an action was a "civil action" within the purview of Rule 1, in Goodyear Tire & Rubber Co. v. N. L. R. B., 122 F.2d 450, 136 A.L.R. 883 (C.A. 6, 1941). The issue was whether an application by the Board for an order directing obedience to certain subpoena duces tecum was subject to the Federal Rules. In holding that it was not, the Court observed that:

"It is significant that the statute calls for an 'application' rather than a petition, for an 'order' rather than a judgment, and that it details no procedural steps."

In contrast with that situation, 10(j) calls for the filing of a "petition" subsequent to the filing of a complaint under 10(b). Thereafter the Court "shall cause notice thereof to be served" and is authorized to grant "such temporary relief or restraining order as it deems just and proper." It is clear that the scheme of 10(j) calls for the exercise of judicial power and process, although the ultimate question for the court's determination is the limited one of whether there is reasonable cause to believe that the charge of unfair labor practice is true, and the actual decision on the merits is reserved to the Board. McLeod for and or Behalf

of N. L. R. B. v. Compressed Air, Foundation, Tunnell, etc., Workers, Local No. 147, 292 F.2d 358 (CA 2, 1961). In granting relief in these 10(j) proceedings, however, the court is directed to exercise its historical broad equitable powers as the Court deems just and proper.

It is the considered opinion of the Court that the discovery provisions of the Federal Rules of Civil Procedure apply in 10(j) proceedings, as a suit of a civil nature. N. L. R. B. v. Vapor Blast Mfg. Co., 287 F.2d 402 (CA 7, 1961) is distinguishable as being concerned with procedure before the Board itself, not involving resort to the courts by the government.

Although the injunctive relief sought under 10(j) is nominally referred to as "temporary", it is in fact often of long duration. It is granted prior to any determination on the merits by the Board, and unless dissolved by the Court due to changed circumstances, continues in effect until termination of the entire proceedings. It is a well known fact that this may extend over a period of six months and longer.

The burden of proof which the Board must sustain in order to secure an injunction under 10(j) is light. No preponderance of the evidence is necessary, merely a showing of "reasonable cause", McLeod for and on Behalf of N. L. R. B. v. Compressed Air, etc., Workers, Local No. 147, supra, and the Court may not resolve conflicting factual evidence and questions of credibility if the Board might reasonably resolve those issues in favor of the plaintiff, Jaffee v. Henry Heide, Inc., 115 F.Supp. 52 (D.C.S.D. N.Y., 1953).

In light of the foregoing factors, it would be against the interests of true justice to foreclose respondent from an opportunity to investigate and discover evidence in support of its position.

Petitioner has cited several cases holding that the Board's investigative procedures and mode of determination to file a 10(j) petition are not germaine to the issue of reasonable cause. Representative of these are Madden v. International Hod Carriers' Bldg., 277 F.2d 688 (CA 7, 1960); N. L. R. B. v. General Armature & Mfg. Co., 192 F.2d 316 (CA 3, 1951); Greene v. Bangor Bldg. Trades Council, 165 F.Supp. 902 (D.C.Me., 1958); Douds v. Wine, Liquor & Distillery Workers Union, 75 F.Supp. 184 (D.C.S.D.N.Y.1947). Each of these was concerned with the admissibility of such evidence at the hearing on the application for 10(j) injunction. The Court is in full agreement that such evidence should not be received on the issue of "reasonable cause". Admissibility in evidence, however, is not the test for discovery under the Federal Rules. Rule 26(b), Rule 33 and Rule 34. Those decisions, therefore, are not contrary to the conclusion reached herein.

Having once concluded that respondent is entitled to utilize the discovery processes of the Federal Rules, the question remained whether the particular production demanded herein could be successfully opposed on the claim of governmental privilege.

A thorough analysis of this question is found at 4 Moore's Federal Practice § 26.25[6]. A leading case discussed therein is the decision of Judge Wilkin of this court in Fleming v. Bernardi, 1 F.R.D. 624 (D.C.N.D.Ohio, 1941). The general conclusion reached is that when the government brings an action in the exercise of its regulatory powers it is subject to discovery, as would be a private litigant. See Cyclopedia of Federal Procedure § 25.54. This general rule is subject to many qualifications, hereafter set forth insofar as pertinent.

One of the general reservations attendant upon this rule is that production will not be ordered of matters which would be contrary to public policy, internal security, or of a confidential nature. Respondents in their subpoena have requested the production of all affidavits and statements of employees of Richard W. Kaase Company. Petitioner urges that the employees' affidavits come within this category. The Court does

not agree with this contention. cf. Mitchell v. Bass, 252 F.2d 513 (CA 8, 1958).

A further qualification is that in all but exceptional cases the government will not be compelled to produce interagency advisory opinions or correspondence. E. W. Bliss Co. v. United States, D.C., 203 F.Supp. 175. Accord, Appeal of United States Securities and Exchange Comm., 226 F.2d 501 (CA 6, 1955). This restriction applies to the Fusco subpoena to those items designated as

> "all other paper writings of whatever kind and nature whatsoever taken, acquired, or accumulated by the National Labor Relations Board or its agents in connection with, relating to, or in support of unfair labor practice charges, and the decision to issue consolidated and amended complaints in National Labor Board Cases Nos. 8–CA–2597 and 8–CB–575."

A further reason for denying the foregoing items is a lack of good cause for their production. Rule 34, requiring a showing of good cause for production, should be considered in pari materia with Rule 45(b) as far as scope of examination of a party in response to a subpoena duces tecum is concerned, particularly at a deposition hearing. 5 Moore's Federal Practice § 45.05[1] and [2].

The documents concerning other 10(j) proceedings during Fusco's term of office are clearly not relevant.

This leaves for determination in the Fusco subpoena "all affidavits and statements of employees of Richard W. Kaase Company." It is the Court's opinion that good cause is present for production of affidavits and statements of those employees who were to appear as witnesses for petitioner.

Normally, respondent would be compelled to file interrogatories to determine the names of those witnesses, endeavor to depose them, and then be entitled to copies of the statements only on a showing that it was unable to secure a deposition, or upon a showing of hostility of the witness, or some other unusual circumstance. Guilford National Bank of Greensboro v. Southern Railway Co., 297 F.2d 921 (CA 4, 1962); Mitchell v. Bass, supra, and cases cited therein. Under the present circumstances, with only 14 days separating the filing of the petition and the day of trial, such a procedure is virtually a practical impossibility. Consequently, the Court believes that production of the statements themselves is the only feasible alternative. This is buttressed by the fact that under § 102.118 of the Board Rules respondent would be entitled to such statements upon the completion of the witness's testimony.

As to any statements of employees who are not to be witnesses, I find no good cause. Assuming that any such statements clearly showed a lack of "reasonable cause" the net result would be a conflict in the evidence on that focal issue. As previously stated, the District Court may not resolve any questions of credibility or evidentiary conflict. Hence, any such statements would not benefit respondent, even if they reflected facts squarely opposed to petitioner's theory.

The Mattson subpoena called for him to appear and testify. This is a right afforded respondent under Rule 26(b). The Court is of the opinion that such examination should be narrowly limited to those matters pertinent to the issue of these proceedings, or which will lead to such evidence. As the scope, conduct or extent of the preliminary investigation are not matters relevant to or material for consideration under 10(j), Madden v. International Hod Carriers' Bldg. etc., 277 F.2d 688, 693 (CA 7, 1960), any inquiry touching thereon should clearly be intended to produce or lead to relevant evidence.

Based on the reasoning reflected in this memorandum the aforementioned order permitting the deposition examinations to proceed was entered.