Ross M. MADDEN, Regional Director of the Thirteenth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MILK WAGON DRIVERS UNION LOCAL 753, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, and its Agent Thomas Haggerty, Respondents.

No. 64 C 229.

United States District Court
N. D. Illinois, E. D.
May 20, 1964.

———◇———

Gordon Myatt and Lawrence D. Ehrlich, 13 Reg. National Labor Relations Board, Chicago, Ill., for petitioner.

Albert Gore, Robert S. Sugarman, Chicago, Ill., Jacobs & Gore, Chicago, Ill., of counsel, for respondent.

WILL, District Judge.

Respondents Milk Wagon Drivers Union Local 753 and Thomas Haggerty have moved to dismiss this action pursuant to Rules 37(b) (2) (iii) and 41(b), F.R. Civ.P., the former of which provides for dismissal of an action upon the failure of a party to answer any question propounded upon oral examination which that party has been ordered to answer and the latter of which authorizes dismissal for failure to comply with any order of court.

On February 5, 1964, Ross M. Madden, in his capacity as Regional Director of the 13th Region of the National Labor Relations Board, hereinafter called "the Board", filed a petition under § 10(l) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(l), seeking an

injunction against respondents Local 753 and Haggerty pending disposition of a case involving these respondents awaiting final determination by the Board. A date for a hearing was set and discovery initiated. When notice of deposition was served upon petitioner Madden, a "Motion That Deposition Not Be Taken and For an Order Under Rule 30(b)" was filed on his behalf. In denying this motion the Court, on March 13, issued an order requiring him to appear for deposition, the substance of which deposition was specifically ordered not to include "the scope, conduct or extent of the preliminary investigation" of the charges alleged in the case pending before the Board.

The deposition commenced as directed, but petitioner Madden, on the advice of counsel, refrained from answering many of the questions put to him. The respondents then moved for an order to compel the petitioner to answer the questions propounded to him. Such order was entered on March 25 as follows:

"This matter coming on to be heard before the Honorable Hubert L. Will at 10:00 a. m. on March 25, 1964 on Respondent's Motion to compel answers to questions on oral deposition of Ross M. Madden and all parties being represented by counsel and the Court being fully advised in the premises.

"IT IS HEREBY ORDERED that Ross M. Madden, petitioner, be and he hereby is ordered to answer all certified questions and other questions which relate to the facts or other matters upon which Ross M. Madden, petitioner, predicated the filing

of the Petition in the above-captioned matter, which relate to the facts or other matters pertaining to the allegations of the petition, and which relate to whose decision it was to file the Petition in the above-captioned matter and to issue complaint in these premises.

"IT IS FURTHER ORDERED that Ross M. Madden, petitioner, is not compelled to answer any certified questions and other questions which may be propounded to him in the course of the oral deposition as to the internal administrative machinery of the National Labor Relations Board and is not compelled to answer any question as to the specific evidence which he intends to adduce in the course of the hearing on the Petition in the above-captioned matter.

"Done and entered at Chicago, Illinois, this 25th day of March, 1964."

Pursuant to the order, petitioner Madden appeared for the resumption of his deposition on March 26. Many of the same questions relating to facts upon which the allegations of the petition are based were again asked of him. The petitioner was again instructed not to answer these questions and he adhered to the advice of his counsel. The petitioner repeatedly having refused to reply to questions which he was ordered to answer by the Court, the respondents now move to dismiss.[1]

In effect, the Board challenges the order entered by this Court on March 25. It is the Board's position that since in the instant action it need merely allege and show that it has "reasonable cause" to believe an unfair labor practice has

---

1. The nature of the questions which petitioner refused to answer is apparent from the following examples:

"Mr. Witness, on what facts do you predicate your allegation in paragraph 5(e) of the Petition that Kenneth Bibeau is a vendor of dairy products?"

"Mr. Witness, will you state the persons employed by Rueter Dairy Company who are encompassed in the term 'truck drivers' in paragraph 5(f)?"

"Can you tell me whether the term 'truck drivers' in 5(f) refers to one or more than one classification of employees of Rueter Dairy Company?"

"Mr. Witness, referring you to paragraph 5(f) of your petition, describe the classifications of employees included in the term 'truck drivers' employed by Rueter Dairy Company, of course."

"Does the term 'truck drivers' in paragraph 5(f) include solicitors and adjusters?"

occurred, discovery procedures are not to be instituted. The Board contends that a § 10(*l*) action does not permit use of the discovery procedures provided for in the Federal Rules of Civil Procedure. As stated in the Board's answer to respondents' motion to dismiss:

> "Inquiry into the facts underlying the Regional Director's belief that respondents had violated the Act, is no more than inquiry which is calculated to determine whether or not an unfair labor practice has in fact been committed. Clearly on the basis of the cases relating to the court's function in 10(*l*) proceedings, this issue is not before the court, and discovery which is designed to ascertain such facts, should not be allowed, for the facts themselves are completely irrelevant and immaterial to the litigable issue before the court."

It is obvious that discovery relating to whether the Regional Director has "reasonable cause" to believe that an unfair labor practice has been committed is not the same as discovery as to the ultimate question of whether such a practice has in fact been committed. Some evidence indicating reasonable grounds for such a belief may also establish that an unfair labor practice has been committed. Other grounds for such a belief, on the other hand, may ultimately turn out not to be supported by credible evidence.

 Unless the District Courts are merely to be rubber stamps, issuing injunctions under Sec. 10(*l*) whenever requested by a Regional Director to do so, evidence establishing the "reasonable cause" basis for the injunction will have to be presented at the hearing on the petition. And unless discovery is permitted in advance thereof, the respondent will face the possibilities of surprise and inadequate preparation which the Federal Rules were designed to eliminate.

There appears to be no reason why normal discovery limited to the issues raised by the petition for an injunction should not be required. No question of emergency or urgency is presented. Neither the Federal Rules nor any statute exclude Sec. 10(*l*) proceedings therefrom. Rule 1 of the Federal Rules determines the scope of their application and provides that the Rules "govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81." The proceeding here before the Court is not among those exempted by Rule 81.

The facts in the instant case are similar to those in Fusco for and on Behalf of N. L. R. B. v. Richard W. Kaase Baking Co., 205 F.Supp. 459 (N.D.Ohio 1962), wherein the respondent union sought, over the Board's objections, to take the deposition of the Regional Director of the Eighth Region, Richard Fusco, and of an attorney for that office. In holding that the union was entitled to utilize the discovery processes of the Federal Rules, the court wrote as follows:

> " * * * It is clear that the scheme of 10(j) [which authorizes the Board to seek an injunction under § 10(*l*)] calls for the exercise of judicial power and process, although the ultimate question for the court's determination is the limited one of whether there is reasonable cause to believe that the charge of unfair labor practice is true, and the actual decision on the merits is reserved to the Board. McLeod for and on Behalf of N. L. R. B. v. Compressed Air, Foundation, Tunnell, etc., Workers, Local No. 147, 292 F.2d 358 (CA 2, 1961). In granting relief in these 10(j) proceedings, however, the court is directed to exercise its historical broad equitable powers as the Court deems just and proper.
>
> "It is the considered opinion of the Court that the discovery provisions of the Federal Rules of Civil Procedure apply in 10(j) proceedings, as a suit of a civil nature. * * *
>
> "Although the injunctive relief sought under 10(j) is nominally referred to as 'temporary', it is in fact

often of long duration. It is granted prior to any determination on the merits by the Board, and unless dissolved by the Court due to changed circumstances, continues in effect until termination of the entire proceedings. It is a well known fact that this may extend over a period of six months and longer.

"The burden of proof which the Board must sustain in order to secure an injunction under 10(j) is light. No preponderance of the evidence is necessary, merely a showing of 'reasonable cause', McLeod for and on Behalf of N. L. R. B. v. Compressed Air, etc., Workers, Local No. 147, supra, and the Court may not resolve conflicting factual evidence and questions of credibility if the Board might reasonably resolve those issues in favor of the plaintiff, Jaffee v. Henry Heide, Inc., 115 F. Supp. 52 (D.C.S.D.N.Y., 1953).

"In light of the foregoing factors, it would be against the interests of true justice to foreclose respondent from an opportunity to investigate and discover evidence in support of its position." Id., 205 F.Supp. at 462–463.

That reasoning and holding are equally applicable here.

■ The Board further challenges the order of March 25 by urging that it infringes upon the areas barred from discovery by the Seventh Circuit's ruling in Madden v. International Hod Carriers', etc., Union, Local No. 41, 277 F.2d 688 (7th Cir.) cert. denied 364 U.S. 863, 81 S.Ct. 105, 5 L.Ed.2d 86 (1960). Throughout the pendency of this matter petitioner's objections to respondents' questions relating to the "scope, conduct or extent of the preliminary investigation" Id., 277 F.2d at 693, have been sustained. Further, the order specifically prohibits questions concerning the internal administrative machinery or decisional processes of the Board. Thus the manner and adequacy of the Board's investigation are protected without denying the respondent access to the facts which the Board relies upon to support its allegation of reasonable cause to believe that a violation of the National Labor Relations Act has occurred.

■ In light of the foregoing and the petitioner's refusal to answer questions upon deposition limited to the issue of petitioner's reasonable ground for belief that an unfair labor practice has occurred, although so ordered by the Court on two separate occasions, the instant cause is dismissed for failure of the petitioner, Ross M. Madden, to comply with the orders of this Court.

An order consistent with the above will be entered.