Gerald KOBELL, Regional Director for Region Six of the National Labor Relations Board for, and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Plaintiff,

v.

REID PLASTICS, INC., Defendant.

Civ. A. No. 91–0519.

United States District Court,
W.D. Pennsylvania.

April 24, 1991.

JoAnn Dempler, Donald Burns, Leone P. Paradise, Robin Alexander, Pittsburgh, Pa., for plaintiff.

Willis Goldsmith, Richard Shaw, Washington, D.C., Roy A. Powell, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

On March 25, 1991, the petitioner filed this action wherein he seeks injunctive relief pursuant to § 10(j) of the *National Labor Relations Act*, 29 U.S.C. § 160(j) pending the final disposition by the National Labor Relations Board of the underlying charges that the defendant has engaged in and is now engaging in acts and conduct in violation of §§ 8(a)(1) and (3) of the *National Labor Relations Act*, 29 U.S.C. §§ 158(a)(1) and (3).

The Complaint, *inter alia*, charges that respondent committed unfair labor practices in violation of §§ 8(a)(1) and (3) of the Act by (i) "soliciting employee complaints and grievances, promised its employees increased benefits and improved terms and conditions of employment"; (ii) "informing an employee that he was being laid off because of Union activity"; (iii) "has reclassified supervisors to positions within the bargaining unit that was the subject of the representation case ... in order to increase the employer's chances of prevailing in any representation election"; (iv) "since August 1, 1990 ... has increased benefits of its employees by granting bonuses"; (v) "instituted a change in its established policy of recalling and/or rehiring employees on layoff status and thereafter on or about November 13, 1990, announced the change in said policy to employees"; (vi) "discriminately selected employees for layoff"; (vii) "laid off certain employees whom it has refused to recall"; (viii) "increased benefits of its employees by reclassifying certain positions and granting wage increases"; (ix) "transferring and/or directing work from its Leetsdale, Pennsylvania, facility to other facilities" of the respondent; and (x) "that respondent (has) engaged in ... (that) ... conduct because employees of the respondent joined, supported or assisted the Union and engaged in concerted activities for the purpose of collective bargaining or other mutual aid or protection, and in order to discourage employees from engaging in such activities or other concerted activities for the purpose of collective bargaining or other mutual aid and protection."

## MATTERS PENDING BEFORE THE COURT

Pending before the Court are the following matters:

(1) "Motion for Protective Order" of Petitioner, NLRB

(2) "Motion to Amend Complaint and Petition" of the Petitioner, NLRB

(3) Respondent's "Motion for Expedited Discovery and for an Extension of the Date to Show Cause"

(4) "Motion of United Electrical Workers to Quash Subpoena Duces Tecum"

(5) Petitioner's "Corrected Motion for Protective Order to Limit Discovery"

(6) Petitioner's "Corrected Proposed Order to Limit Discovery"

## STATUS CONFERENCE WITH PARTIES

Because of its congested Court calendar, the Court originally scheduled a hearing on the Complaint and Petition for the morning of April 25, 1991, and held a status conference with the parties on April 19, 1991. In attendance were counsel for the petitioner, counsel for the respondent and counsel for the United Electrical, Radio and Machine Workers of America (Union).

At the status conference, the petitioner discussed his pending Motion to amend the Complaint and Petition and his Motion for Protective Order, and the respondent dis-

cussed its need for expedited discovery and for extension of the date to show cause.

The Union discussed its Motion to quash the subpoena.

### PETITIONER'S MOTION FOR PROTECTIVE ORDER

The petitioner argues that the respondent has limited rights to discovery and that respondent exceeds those limits by seeking irrelevant and privileged information and documents. Moreover, he stated that he is prepared to expeditiously produce for discovery for respondent's review all documentary evidence and Exhibits contained in the Regional Office's investigatory file, as well as all affidavits in the possession of the Regional Office of all persons petitioner intends to call as witnesses in the hearing before the Court, which materials, petitioner asserts, form the basis of the his belief that the relief sought is warranted.

However, petitioner urges that his production of discovery materials to respondent should be subject to specific conditions designed to protect employees' statutory rights:

(1) Respondent's counsel should be prohibited from disclosing or revealing the contents of any affidavits to Respondent, its officers, supervisors or agents;

(2) Respondent, its officers, supervisors and agents should be prohibited from directly contacting any of the affiants concerning their testimony except via counsel for Petitioner;

(3) Counsel for Petitioner should be permitted upon adequate notice to be present at all times during any Respondent interviews with any of the affiants; and

(4) Respondent, its officers, supervisors and agents should be prohibited from threatening, disciplining, discharging or otherwise affecting in any negative manner the employment status and union membership of any of the affiants without first notifying Petitioner and securing the prior permission of the Court, if said affiants are, become or seek to become employees of Respondent.

### PETITIONER'S MOTION TO AMEND COMPLAINT AND PETITION

Petitioner asserts in his Motion to amend Complaint and Petition that he seeks to add allegations which are closely related to the allegations of the original Complaint and Petition, and that the unfair labor practices underlying them have been consolidated for a single proceeding before the Board. Moreover, petitioner states that the proposed amended Complaint and Petition makes minor changes alleging additional agents and correcting the date of an alleged violation to conform to amendments to the underlying administrative complaints. Finally, the petitioner states that at the time of the original Complaint and Petition were filed, administrative authorization had not been received to seek injunctive relief on the additional matters set forth in the proposed amended Complaint and Petition.

Appended to the proposed amended Complaint are copies of the various "Charges against Employer" statements filed with the Board and which form the basis of the petitioner's Complaint, a copy of the Complaint and notice of hearing before the Board, and the Answer of the respondent to the Board's Complaint.

In substance, petitioner urges that granting leave to amend will permit this Court to hear and to decide the entire matter at one proceeding, thereby avoiding a multiplicity of actions and argues that there will be no prejudice to the rights of respondents by the grant of the Motion.

While respondent does not formally oppose the amendment, nevertheless, at the status conference, the respondent indicated that there was an inordinate delay in the filing of the Motion.

### RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR PROTECTIVE ORDER

In opposition to petitioner's Motion for Protective Order, respondent argues that

its request for discovery against the petitioner is appropriate and necessary.

Facially, the respondent's discovery seeks documents in the petitioner's investigative file, seeks to depose the Regional Director, and elicits information with regard to the various allegations contained in the Complaint. The respondent also argues that the limits which petitioner seeks to place on his voluntary production of the documentary evidence and exhibits contained in the Regional Office's investigatory file as well as affidavits of all persons petitioner intends to call as witnesses in the hearing before the District Court are improper limitations and restrictions and deprive respondent of due process.

Finally, respondent argues that there is an urgent need for its receipt of timely responses to its discovery.

## RESPONDENT'S MOTION FOR EXPEDITED DISCOVERY AND FOR AN EXTENSION OF DATE TO SHOW CAUSE

Respondent, in its Motion for expedited discovery and for an extension of date to show cause, requests that the date on which the respondent must appear and show cause why an injunction should not issue should be enlarged to May 16, 1991, and that the 30–day period provided by the Federal Rules of Civil Procedure for responses to respondent's discovery request be shortened from the 30–day period so as to allow respondent and its attorneys time to receive and evaluate responses prior to commencement of any hearing or briefing on the merits of the action.

## UNION'S MOTION TO QUASH SUBPOENA DUCES TECUM

The Union argues that given the limited issues to be decided by the Court and the role of the charging party as defined by the *National Labor Relations Act*, it is appropriate for the Court to place limitations on discovery sought by the respondent. The respondent seeks to depose S. Shane Carlin, the Union's organizer at the respondent's facility in Leetsdale, Pennsylvania, as well as a designee of the Union. The

subpoena duces tecum identifies various documents to be produced by Carlin and/or the Union's designee.

The Union further asserts that any testimony or documents which might be obtained through these depositions would be totally irrelevant to the issues to be determined by this Court and in addition, would be cumulate, burdensome and involve documents which are privileged.

The respondent opposes the Union's Motion to quash the subpoena duces tecum and argues that the Federal Rules of Civil Procedure control discovery in this proceeding and states that it does not seek "over discovery" in that the subpoenas and notices served on the Union and its organizer, S. Shane Carlin, only seek information with regard to (i) the unfair labor practices alleged in the Petition, and (ii) the Union organizing activities at the respondent's Leetsdale plant.

## RESCHEDULING OF THE HEARING

With regard to the rescheduling of the hearing in this case, petitioner opined that the case should take four or five days, whereas respondent opined that it should take three weeks.

The Court advised the parties of its badly overburdened calendar including the three-week trial of a complex 1988 case scheduled to commence May 6, 1991, followed by a more complex three-week patent infringement case, and that it has solidly scheduled trials from the present time through 1992 and as far ahead as March 1, 1993.

Counsel for the Board offered to have the hearing before the Administrative Judge advanced to May 16, 1991 so as to permit the Court to await receipt of the administrative record before making its findings. Moreover, the Board states that the administrative record could be supplemented if the Court deemed it appropriate.

Both the respondent and the Union oppose the petitioner's proposal in this regard.

## DISCUSSION OF SCOPE OF PROCEEDING AND DISCOVERY ISSUES

The charge of the Court in this type of proceeding is to determine whether it should grant the petitioner "such temporary relief or restraining Order as it deems just and proper." 29 U.S.C. § 160(j).

■ The principal issues for the Court's decision in this proceeding which is ancillary to the administrative proceedings now pending before the Board are ... (i) whether there is "reasonable cause to believe the respondent has committed the alleged violations of the Act," and (ii) whether the petitioner's requested injunctive relief is "just and proper, pending Board adjudication of the administrative proceeding." *Pascarell v. Vibra Screw, Inc.*, 904 F.2d 874 (3d Cir.1990); *Gottfried v. Frankel*, 818 F.2d 485 (6th Cir.1987); *Squillacote v. Graphic Arts International Union*, 540 F.2d 853 (7th Cir.1976); *Elizabeth A. Kinney v. Chicago Tribune Company*, 1989 WL 91844, 1989 U.S.Dist. LEXIS 9535 (E.D.Ill.1989).

In discussing the scope of discovery in a § 10(j) proceeding, the Court in *Kinney, supra,* stated:

"The courts have concluded that a respondent in a 10(j) proceeding is entitled to discovery 'limited to the issues raised by the petition for an injunction ...' *Madden v. Milk Wagon Drivers Union Local 753*, 229 F.Supp. 490, 492 (N.D.Ill. 1964). Thus, a respondent is entitled to discover the facts upon which the Board will rely 'to support its allegations [as set forth in the petition for relief] of reasonable cause to believe that a violation of the National Labor Relations Act has occurred.' *Id.* at 493. However, because the court in a section 10(j) proceeding 'may not resolve any questions of credibility or evidentiary conflict' broader discovery, although normally permitted under the Federal Rules of Civil Procedure, is not permitted because the discovery 'would not benefit respondent, even if they reflected facts squarely opposed to petitioner's theory.' *Fusco v. Richard W. Kaase Baking Co.*, 205 F.Supp. 459, 464 (N.D.Ohio 1962). Under this rationale, courts have prohibited discovery of statements of witnesses not expected to be called at the hearing on the injunction. *Id.* They have also prohibited discovery of evidence 'relating to the "scope, conduct or extent of the preliminary investigation" that led up to the filing of the 10(j) petition.' *Madden v. Milk Wagon Drivers Union Local 753, supra,* 229 F.Supp. at 493, quoting from *Madden v. International Hod Carriers', etc. Union, supra,* 277 F.2d [688] at 693 [ (7th Cir.1960) ]. In the latter case, the Seventh Circuit held that the board was not required to 'produce for examination the files and records pertaining to the conduct' of its investigation, *id.*, nor witnesses to testify concerning the same since the information sought was not relevant to the proceeding before the court. *Id.* at 694. Similarly, discovery of statements by investigators, internal memoranda, and dissenting opinions as to whether to pursue a section 10(j) proceeding and the adequacy of an investigation have not been allowed. *McLeod v. General Electric Company*, 257 F.Supp. 690, 702 (S.D.N.Y.1966)."

■ In view of the limitations on discovery sought by a respondent in this type of proceeding vis-a-vis the petitioner's willingness to produce various documents, albeit under conditions which the Court finds to be too restrictive, the Court concludes that the respondent's proposed discovery of the petitioner exceeds those limits[1], but will require the petitioner to produce various documents subject to certain reasonable conditions, some of which respondent has indicated in its memorandum of law it will voluntarily accept:

(1) The contents of any affidavit and the identity of any affiant will not be disclosed to any Reid official, other than the general counsel of respondent, except to the extent necessary to allow

---

1. Facially, respondent seeks to discover information or matters that are not relevant, or privileged matters.

counsel for respondent to discuss the allegations set forth in the affidavit with Reid officials.

(2) Prior to conducting an interview with any present or former Reid employee, counsel must first obtain in writing the acknowledgement by that person that:

(a) The National Labor Relations Board has filed complaints against Reid Plastics, Inc., accusing it of unfair labor practices in connection with the organizational efforts of the United Electrical union; Reid has denied those charges, and the purposes of the interview is to obtain information relating to the charges.

(b) Prior to conducting an interview with any present or former Reid employee, counsel must first obtain in writing the acknowledgement by that person that:

(1) Participation in the interview is voluntary;

(2) He or she may refuse to answer any or all questions;

(3) No action affecting his or her job status, either in the form of a benefit such as a promotion or reinstatement, or in the form of a reprisal, such as discharge, will be taken against him or her based on the interviewee's refusal to answer questions or on the contents of any answers the interviewee does give; and

(4) He or she may if he or she chooses have present during the interview an attorney, including the Board attorney, but he or she is not required to do so.

■ With regard to the respondent's deposition of the Union's designee and its field organizer, S. Shane Carlin, the Court concludes that the discovery should proceed against Carlin because the Union is the charging party which presumably has assisted the Board's investigation and has provided the Board with evidence and witnesses relied on by the Board to establish its case. *Cf. D'Amico v. Cox Creek Refining Company,* 126 F.R.D. 501 (D.Md.1989). However, Carlin's deposition shall be subject to the following conditions:

(1) S. Shane Carlin shall appear for his deposition and shall answer all questions regarding facts relating to the unfair labor practices alleged in petitioner's amended Complaint and Petition. Respondent shall not inquire into confidential Union affairs except as they pertain to this action and shall not inquire into the private and financial affairs of the Union.

(2) S. Shane Carlin shall not be required to produce the documents described in the subpoena duces tecum. However, the respondent may inquire as to the existence of any documents, except that the respondent shall not inquire as to the content of any documents which Carlin and/or the Union assert are covered by the attorney-client or work product privileges.

(3) Following the deposition of S. Shane Carlin, the Union shall prepare an index that numbers and describes documents for which Carlin and/or the Union claim a privilege. For documents that contain segregated portions of factual material, the Union shall designate which pages and paragraphs are privileged. The index shall identify each privileged claim and if the Union asserts more than one privilege for a particular document, it must identify which privilege attaches to each segment.

The additional discovery sought by the respondent against the Union, including the disposition of its designee and the production of documents by Shane and/or the designee will be denied as being beyond the reasonable scope of discovery in this proceeding at this state of the record. However, following the deposition of Carlin, the respondent may renew its request for production of documents.

### DISCUSSION OF PETITIONER'S MOTION TO AMEND COMPLAINT AND PETITION

■ The Court will grant the petitioner's Motion for Leave to amend the Complaint and Petition and to change the demand for relief. *U.S. v. Hougham,* 364 U.S. 310, 81

S.Ct. 13, 5 L.Ed.2d 8 (1960); *Boileau v. Bethlehem Steel Corporation,* 730 F.2d 929 (3d. Cir.1984).

The Court finds that permitting the amendments will permit the Court to decide the entire matter in one proceeding which will preserve judicial economy.

The alleged delay of the Board in filing its Motion to amend its Complaint and Petition is not an unacceptable delay requiring the Court to deny the Motion. *Compare Pascarell, supra,* at 881.

### DISCUSSION OF SCHEDULING OF HEARING

Since the Court must expedite consideration of this proceeding, 28 U.S.C. § 657(a), and in view of the Court's badly overburdened docket, the Court deems it appropriate to defer to the petitioner's proposal that he schedule the administrative hearing to commence May 16, 1991, or as soon after as is convenient so that the Court can await receipt of the administrative record and use the same, together with any supplemental testimony the Court deems appropriate, for the making of its findings. The Court finds this to be an appropriate procedure in this case. *Fuchs v. Hood Industries, Inc.,* 590 F.2d 395 at 397 (1st Cir.1979).

The Court finds that the postponement of the hearing on the petitioner's Complaint and Petition scheduled for April 25, 1991, so that an expedited administrative hearing before the Board can be held on May 16, 1991, together with the allowance of limited discovery will not only protect the rights of all the parties, but will enable the respondent to properly prepare its case in the interim.

An appropriate Order will be entered.

### ORDER OF COURT

And now, this 24th day of April, 1991, it is hereby ORDERED AS FOLLOWS:

(1) The hearing on this matter scheduled for April 25, 1991, is hereby continued until further Order of Court.

(2) The Motion of the petitioner, Gerald Kobell, Regional Director for Region 6 of the National Labor Relations Board, to amend Complaint and Petition is GRANTED.

(3) The Motion of the petitioner for Protective Order, the Motion of the United Electrical Workers to quash subpoena duces tecum, and the motion of the respondent for expedited discovery and for an extension of the date to show cause shall be DENIED in part and GRANTED in part.

(4) The petitioner, on or before May 3, 1991, shall produce for discovery to respondent all documentary evidence and exhibits contained in the Regional Office's investigatory file and NLRB Case 6–CA–23194, as well as all affidavits in the possession of the Regional Office of all persons petitioner intends to call as witnesses in the hearing before the District Court in this proceeding, and which materials form the basis of the petitioner's belief that relief sought is warranted, subject to the following conditions:

(A) The contents of any affidavit and the identity of any affiant will not be disclosed to any Reid official other than the General Counsel of respondent except to the extent necessary to allow counsel for respondent to discuss the allegations set forth in the affidavit with Reid officials.

(B) Prior to conducting an interview with any present or former Reid employee, counsel must first obtain in writing the acknowledgement by that person that:

(i) The National Labor Relations Board has filed complaints against Reid Plastics, Inc. accusing it of unfair labor practices in connection with the organizational efforts of the United Electrical union; Reid has denied those charges, and the purpose of the interview is to obtain information relating to the charges;

(ii) Participation in the interview is voluntary;

(iii) He or she may refuse to answer any or all questions;

(iv) No action affecting his or her job status, either in the form of a benefit such as a promotion or reinstatement, or in the form of a reprisal, such as

discharge, will be taken against him or her based on the interviewee's refusal to answer questions or on the contents of any answers the interviewee does give; and

(v) He or she may if he or she chooses have present during the interview an attorney, including the Board attorney, but he or she is not required to do so.

(5) The petitioner's request that present and former employees be contacted through Board counsel and that Board counsel be present during all interviews of affiants is DENIED.

(6) Further, petitioner's request that advanced notice and Court permission be secured before any disciplinary action involving any affiant may be taken is hereby DENIED.

(7) S. Shane Carlin shall appear for his deposition on or before May 7, 1991, and shall answer all questions regarding facts relating to the unfair labor practices alleged in petitioner's Complaint and Petition, as hereinafter set forth:

(A) S. Shane Carlin shall appear for his deposition and shall answer all questions regarding facts relating to the unfair labor practices alleged in petitioner's Amended Complaint and Petition. Respondent shall not inquire into confidential Union affairs except as they pertain to this action and shall not inquire into the private and financial affairs of the union.

(B) S. Shane Carlin shall not be required to produce the documents described in the subpoena duces tecum. However, the respondent may inquire as to the existence of any documents, except that the respondent shall not inquire as to the content of any documents which the Carlin and/or the Union claim are covered by the attorney-client or work product privileges.

(C) Following the deposition of S. Shane Carlin, the Union shall prepare an index that numbers and describes documents for which Carlin and/or the Union claim a privilege. For documents that contain segregated portions of factual material, the Union shall designate which pages and paragraphs are privileged. The index shall identify each privilege claimed and if Carlin and/or the Union claim more than one privilege for a particular document, it must identify which privilege attaches to each segment.

(8) Except as set forth above, it is further ordered that neither the Union nor the petitioner shall be required to produce any documents to respondent for discovery. However, following the deposition of Carlin, the respondent may renew its Motion for Production of Documents.