**UNITED STATES of America, Saundria Bordone, Regional Director of the Twenty-fifth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioners,**

v.

**ELECTRO–VOICE, INC., Respondent.**

### No. 3:94–CV–1037RM.

United States District Court, N.D. Indiana, South Bend Division.

Feb. 17, 1995.

Walter Steele, Richard J. Simon, N.L.R.B. Region 25, Indianapolis, IN, for petitioners.

Thomas J. Barnes, James R. Stadler, Varnum Riddering Schmidt and Howlett, Grand Rapids, MI, for respondent.

## MEMORANDUM AND ORDER

MILLER, District Judge.

On December 20, 1994, the United States, on behalf of the National Labor Relations Board, commenced this action by filing a petition for temporary injunctive relief against Electro–Voice, Inc. pursuant to Section 10(j) of the National Labor Relations Act, as amended, (the "Act") 29 U.S.C. § 160(j). The petition is based upon a complaint of unfair labor practice against respondent in NLRB Case 25–CA–23319, pursuant to Section 10(b) of the Act. The sole issue before this court on such a petition is whether the request for temporary injunctive relief pursuant to Section 10(j) is "just and proper." See Kinney v. International U. of Op. Eng'rs., Local 150, AFL–CIO, 994 F.2d 1271, 1276 (7th Cir.1993); Kinney v. Pioneer Press, 881 F.2d 485, 490 (7th Cir.1989). This court's function is limited to determining whether contested factual issues could be resolved by the Board in favor of the petitioner. Squillacote v. Graphic Arts Int'l Union, AFL–CIO, 540 F.2d 853, 860 (7th Cir. 1976) (Section 10(l) action). In making that determination the court is to apply the general preliminary injunction standards,[1] see Kinney, 994 F.2d at 1277, and expedite consideration of this action. 28 U.S.C. § 1657(a); 29 U.S.C. § 160(j).

On February 9, this court denied, without prejudice, the United States' motion to quash subpoenas and for protective order limiting discovery based on the United States' failure to file a separate certificate or statement regarding the United States' reasonable effort to reach agreement with counsel for

---

1. Before a preliminary injunction may issue a court must consider the petitioner's likelihood of success on the merits; the petitioner's adequacy of a remedy at law or threat of irreparable harm; the balance of threatened harms to petitioner and respondent; and the public interest. Kinney, 994 F.2d at 1275.

Electro–Voice on the matter set forth in the motion to quash and for protective order. The next day, the United States filed its motion to reconsider the February 9 order and complied with Fed.R.Civ.P. 37(a)(1), (2) and N.D.Ind.L.R. 37.1. On February 15, this court granted the motion to reconsider the February 9 order. This court must now, on reconsideration, resolve the motion to quash subpoenas and for protective order limiting discovery.

Electro–Voice seeks to depose Saundria Bordone, petitioner, and Mickey K. Sleister, a field examiner of the 25th Region of the Board. The subpoenas request the production of:

> All documents and things obtained, relied upon, or created during the investigation and processing of NLRB Charge No. 25–CA–23319 (as amended) that relate to the issue of irreparable harm, including, but not limited to the Agenda for that case, summary and recommendation from the investigation, affidavits or notes taken from any and all persons interviewed on that issue (regardless whether they testified at the NLRB hearing), and the Region's representations to the Division of Advice with respect to irreparable harm, and the Division of Advice's response and/or authorization to seek 10(j) relief.

The United States asserts the attorney work-product, attorney-client, and deliberative process privileges with respect to the testimony and documents sought, but the United States states that it is "prepared to waive its attorney work product privilege as to the investigatory affidavits of witnesses" and "will expeditiously produce for discovery ... not only all copies of all documentary evidence and exhibits contained in the Regional Office's investigatory file [in the case], other than internal Regional Office, Office of the General Counsel or Board communications or memoranda, but will also transmit copies of all witness affidavits" in its posses-

sion. The United States contends that the depositions of Ms. Sleister and Ms. Bordone would serve no useful purpose since the testimony and documents which the United States is willing to submit to Electro–Voice would adequately prepare Electro–Voice in defense of the Section 10(j) allegations.

In opposition, Electro–Voice first relies on this court's previous orders providing that it's ruling during the January 30 telephonic hearing did not limit discovery with respect to the irreparable harm issue (see January 30 Memorandum; February 6 Order) and claims that it seeks discovery solely on the irreparable harm issue.[2] The prior orders regarding discovery as to irreparable harm were made in the context of the federal discovery rules, which Electro–Voice agrees apply to this cause. Electro–Voice concedes that any communications between the Regional Director and the NLRB's Division of Advice are protected attorney-client communications, (see Brief in Opposition at 3), but maintains that the other information sought is discoverable.

Electro–Voice argues that the witness affidavits and investigator's report are not subject to the work-product privilege.[3] Electro–Voice also argues that the NLRB acts as a neutral body during its investigation, does not initiate its prosecutorial role until after the completion of the investigation and filing of a complaint and therefore, Electro–Voice argues, the investigator's report is not protected work-product.

The test in this court for discoverability, absent a claim of privilege, is relevancy. Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...."). Relevancy is construed broadly to include "any matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct.

---

**2.** Electro–Voice's claim is undercut by its subsequent statement in its brief in opposition to motion to quash that it seeks discovery of the United States' processing of the case. (*See* Brief in Opposition at 4). Electro–Voice does not explain the correlation between the United States' processing of the case and irreparable harm.

**3.** The court need not address this issue relative to the witness affidavits since the United States has agreed to produce those affidavits to Electro–Voice.

2380, 2389, 57 L.Ed.2d 253 (1978). Federal district courts have ordered the NLRB to disclose certain non-privileged documents. *See, e.g., Kobell v. Reid Plastics, Inc.,* 136 F.R.D. 575, 579 (W.D.Pa.1991) (disclosure of witness affidavits within NLRB's possession or control); *Fusco v. Richard W. Kaase Baking Co.,* 205 F.Supp. 459, 464 (N.D.Ohio 1962) (disclosure of affidavits of witnesses scheduled to testify in 10(j) hearing). This court may limit discovery to avoid unnecessary delay in this action's resolution and to avoid creating evidentiary conflicts and credibility issues that this court should not resolve, (*see San Francisco–Oakland Newspaper Guild v. Kennedy,* 412 F.2d 541, 546 (9th Cir.1969) (Section 10(*l*) action)); *Kobell v. Reid Plastics, Inc.,* 136 F.R.D. 575, 579 (W.D.Pa.1991) (Section 10(j) action) (citing cases), and may prohibit discovery of an investigator's reports, internal memorandum, files and notes, *see Madden v. International Hod Carriers', Bldg. and Common Laborers' Union of America, Local No. 41, AFL–CIO,* 277 F.2d 688, 693 (7th Cir.1960), *cert. denied,* 364 U.S. 863, 81 S.Ct. 105, 5 L.Ed.2d 86 (1960); *D'Amico v. Cox Creek Refining Co.,* 126 F.R.D. 501, 505–06 (D.Md.1989), as well as preclude deposition testimony of any agents of the Board relative to such information. *See Madden,* 277 F.2d at 693 (scope and adequacy of Board's investigation and testimony of Board's agents not relevant to Section (*l*) action).

■■■ The deliberative process privilege provides further protection to certain of the discovery sought by respondent. The deliberative process privilege is a qualified privilege available to the pre-decisional and deliberative communications of a governmental agency, including the Board. *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975); *Becker v. Internal Revenue Service,* 34 F.3d 398, 403 (7th Cir.1994); *United States v. Farley,* 11 F.3d 1385, 1389 (7th Cir.1993). This qualified privilege gives way, however, when the party seeking discovery demonstrates a particularized need which outweighs the reasons for confidentiality. *Farley,* 11 F.3d at 1389.

In *D'Amico,* the defendant had requested production of documents from petitioner and noticed the deposition of a field examiner responsible for gathering witness affidavits, contending that it needed the discovery to determine whether the investigation was proper. 126 F.R.D. at 505. The petitioner argued that the field examiner's deposition and the production of internal notes and memoranda would violate the deliberative process and work-product privileges and that much of the discovery sought was irrelevant, but the petitioner provided the defendant with copies of all witness affidavits. *Id.* The court quashed the field examiner's deposition, determining that the deposition would be of little or no relevance in light of the limited scope of the court's inquiry, concluding that the scope and adequacy of the investigation was not a proper issue in a § 10(j) proceeding. *Id.* The court questioned whether the field examiner's deposition could avoid intruding into the deliberative processes or protective work-product. *Id.* The court held that the petitioner need not produce the investigative reports, internal memoranda or file notes, finding that the work-product privilege protected witness statements and the investigator's memoranda, files, etc. *Id.* at 506. The *D'Amico* court rejected the defendant's argument regarding a distinction between the Board's investigative function and prosecutorial function, which the defendant argued entitled it to information created prior to the filing of the complaint. *Id.*

■■■ The reasoning of *D'Amico* is persuasive. The deposition of Mickey Sleister, a field examiner, would be of little or no relevance in light of the limited scope of this court's inquiry. This court, like the *D'Amico* court, rejects the contention that a distinction between the Board's investigative function and prosecutorial function entitles respondent to information created before the NLRB filed its complaint.

■■■ The deliberative process privilege affords protection to certain of the information and documents which Electro–Voice seeks to discover, and Electro–Voice has not demonstrated the requisite need to overcome the privilege. The scope and adequacy of the investigation is not a proper issue in this § 10(j) proceeding, and discovery of the in-

ternal reports, notes, files and memoranda would violate the deliberative process privilege and the work-product privilege. Furthermore, Electro–Voice should not be allowed to depose witnesses to obtain testimony regarding the information contained in such reports, notes, files, and memoranda. *See Madden,* 277 F.2d at 693. A deposition of the United States is both irrelevant to the sole issue presented to this court and violative of the deliberative process privilege and work-product privilege. *See, Madden,* 277 F.2d at 693; *D'Amico,* 126 F.R.D. at 505.

Moreover, the work-product privilege protects the investigator's report, files, memoranda, etc. That privilege affords protection to "documents and tangible things otherwise discoverable ... [which were] prepared in anticipation of litigation or for trial" Fed. R.Civ.P. 26(b)(3). Only documents and tangible things prepared in anticipation of litigation are protected. The work-product privilege is not absolute, and yields upon a showing of substantial need and undue hardship by the party seeking discovery. *See Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 559 (7th Cir.1984).

■■ Electro–Voice contends that it can show a substantial need and undue hardship with respect to the witness statements and investigator's report,[4] in that "[w]hether or not the criteria for injunctive relief are met will depend on what these witnesses allege in their statements and affidavits" and because it has a substantial need for the investigator's report so that it can verify whether the NLRB took affidavits from other persons whom it has not chosen to produce as witnesses. Even if Electro–Voice has established substantial need, Electro–Voice has not established whether it could obtain the substantial equivalent "without undue hardship"; accordingly, Electro–Voice has not established that the court should allow the discovery of this material subject to the work-product privilege.

■■ All communications regarding § 10(j) matters between the General Counsel and the Regional Office, as well as all communications between the Board and the General Counsel, are privileged internal policy and litigation deliberations of the agency. *D'Amico,* 126 F.R.D. at 505–6. Such documents and communications are not discoverable. To the extent that Electro–Voice seeks discovery of information about the adequacy of the Regional Office's investigation of the case or the Agency's review of the evidence, discovery is not relevant. *See Kinney v. Pioneer Press,* 881 F.2d at 490; *D'Amico,* 126 F.R.D. at 505–6. *Fann v. Giant Food, Inc.,* 115 F.R.D. 593, 596 (D.D.C.1987) (holding work product privilege not applicable to protect witnesses' statements given to insurance claim adjuster), relied upon by Electro–Voice, is distinguishable. The issue presented in *Fann* was whether the witnesses' statements (rather than an investigative report) were discoverable; in contrast, Electro–Voice has agreed to produce copies of all witness affidavits in its possession.

Finally, all communications regarding § 10(j) matters between the General Counsel and the Board are attorney-client communications, *see Holland Rantos Co.,* 234 NLRB 726, 726 n. 3 (1978), *enforced,* 583 F.2d 100, 104 (3d Cir.1978), and therefore, are entitled to protection. Discovery as to such communications will not be allowed.

The United States offers to submit copies of all of its investigatory affidavits of witnesses in its possession as well as copies of all exhibits and documentary evidence in its investigatory files. Further discovery would serve no useful purpose, *see D'Amico,* 126 F.R.D. at 505–6. Accordingly, the United States' motion to quash subpoenas and for protective order limiting discovery should be granted. The court further finds that certain protections of the investigatory witnesses' affidavits are necessary given the likelihood of threats or retaliation. *See N.L.R.B. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 239–41, 98 S.Ct. 2311, 2325–26, 57 L.Ed.2d 159 (1977) (citing cases). The court finds that a protective order pursuant to Fed.R.Civ.P. 26(c) should be entered to protect the witnesses whose affidavits will be submitted to respondent. *See, e.g., Kobell v. Reid Plastics, Inc.,* 136 F.R.D. at 579–80; *D'Amico,* 126 F.R.D. at 506–07.

---

4. Again, the court need not consider this issue     with respect to witness statements.

*Conclusion*

For the foregoing reasons, the court GRANTS the motion to quash subpoenas and for protective order to limit discovery pursuant to Federal Rules of Civil Procedure 26(c)(1) (filed February 8, 1995 (# 26)), ORDERING that respondent may take discovery as follows:

(1) all discovery shall proceed as expeditiously as possible;

(2) except as provided in ¶ 4, respondent's notice of taking depositions dated February 3, 1995 is STRICKEN, and the subpoenas issued to Regional Director Bordone and Board Agent Sleister are QUASHED, with no discovery permitted with respect thereto;

(3) respondent's requested depositions of Regional Director Bordone and Board Agent Sleister are DENIED;

(4) petitioner will produce for discovery to respondent copies of all documentary evidence and exhibits contained in the Regional Office's investigatory file in NLRB Case 25–CA–23319 Amended, other than internal Regional Office, Office of the General Counsel or Board communications or memoranda, in addition to all witness affidavits in the Regional Office's possession;

(5) petitioners production for discovery to respondent of the affidavits of witnesses are subject to the following:

(a) respondent's counsel and its agents are prohibited from disclosing or revealing the contents of any affidavits to respondent, its officers, supervisors or agents, except to the limited extent necessary to allow counsel for respondent to discuss the allegations set forth in particular affidavits with concerned respondent officials;

(b) respondent, its officers, supervisors and agents are prohibited from directly contacting any of the affiants concerning their testimony except via counsel for petitioner;

(c) counsel for petitioner shall be permitted upon adequate notice to be present at all times during any respondent interviews with any of the affiants; and

(d) respondent, its officers, supervisors, and agents are prohibited from threatening, disciplining, discharging or otherwise affecting in any negative manner the employment status of any of the affiants based on the affiant's refusal to answer any questions or on the contents of any answers the affiant gives, if said affiants are, become or seek to become employees of respondent.

SO ORDERED.