**Richard L. AHEARN, Regional Director of the Ninth Region of the National Labor Relations Board, et al., Petitioners,**

v.

**RESCARE WEST VIRGINIA, Respondent.**

**No. CIV.A. 2:02–0368.**

United States District Court, S.D. West Virginia, Charleston.

July 8, 2002.

David L. Ness, Region 9, National Labor Relations Board, Cincinnati, OH, for Petitioners.

Larry A. Winter, Winter Johnson & Hill, Charleston, WV, for Respondent.

James M. Haviland, Crandall Pyles Haviland Turner & Twyman, Charleston, WV, for Frank Hornick and District 1199.

*MEMORANDUM OPINION AND ORDER*

STANLEY, United States Magistrate Judge.

Pending before the court are (1) Petitioner's Motion to Quash Respondent's Notice of Deposition Pending Decision Pursuant to Fed.R.Civ.P. 26(C)(1), filed May 17, 2002 (Document # 14); and (2) Motion to Quash or for Protective Order, filed May 28, 2002, by nonparties, Frank Hornick and his employer, District 1199, the Service Employees International Union (Document # 20). The parties and nonparties have responded and replied, the court heard oral argument on July 2, 2002, and the motions are ripe for decision.

*Procedural History and Factual Background*

On April 23, 2002, Petitioner filed a Petition for Injunction under Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(j) (the "Act"). (Document # 1.) After a charge and amended charge were filed with Petitioner, Petitioner issued a complaint, which was heard by an Administrative Law Judge ("ALJ") of the National Labor Relations Board (the "Board" or "NLRB") beginning on April 24, 2002. The complaint generally alleges that Respondent has been engaging in unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act. (Document # 1, ¶¶ 3, 4.) The matter currently is pending before the ALJ.

More specifically, Petitioner alleges that Respondent, a corporation engaged in the operation of group homes for the mentally disabled at various facilities in West Virginia, in some cases through its employees, solicited employees at its Amherstdale, Man and Accoville locations and at other locations to sign a petition to decertify the union as their collective bargaining representative, promised employees that its Logan Group Homes employees would receive increased wages or benefits if they voted to decertify the union and informed employees that its Logan Group Homes employees had received improved wages and benefits because they voted to decertify the union. In addition, Petitioner alleges that Respondent withdrew recognition of the union as its ex-clusive collective bargaining representative, refused to arbitrate grievances that the union filed under the terms of the prior collective-bargaining agreement and implemented various wage and benefit changes without prior notice to the union and without affording the union an opportunity to bargain. (Document # 1, ¶ 6(a)-(n), prayer for relief ¶ 1(a)-(b).)

In the Petition before the District Court, Petitioner asserts that unless enjoined, Respondent will continue to violate the Act. (Document # 1, ¶ 8.) On April 23, 2002, Petitioner also filed a Motion to Hear 10(J) Petition on the Administrative Law Judge's Hearing Transcript and Exhibits Supplemented, if Necessary, by Affidavit Evidence. (Document # 2.) By Order and Notice entered June 3, 2002, the District Court denied the pending motions without prejudice. With respect to the issue of whether there is reasonable cause to believe the Act has been violated, the District Court set a briefing schedule and indicated that if it determined reasonable cause had been shown, that it would schedule an early evidentiary hearing on the issue of whether interim injunctive relief is just and proper. (Document # 24.)

*Petitioner's Motion to Quash*

■ Respondent noticed the deposition of Petitioner Richard L. Ahearn, Regional Director of the Ninth Region of the NLRB, but did not identify the testimony sought from Mr. Ahearn in the notice of deposition. Petitioner argues that the deposition notice should be quashed because Respondent seeks disclosure of information that is not relevant to the issues before the District Court related to whether an injunction should issue. In addition, Petitioner argues that he possesses no discoverable information. According to Petitioner, the only inquiries that could be made of him concern the factual basis and underlying reason for the decision to seek injunctive relief and what significance Mr. Ahearn attached to various facts, thereby clearly implicating the deliberative process privilege and the attorney work product doctrine. Petitioner further argues that Respondent has made no showing of substantial need.

In response, Respondent states that it does not seek information protected by the deliberative process privilege or work product doctrine and that it only seeks facts Mr. Ahearn possesses relevant to the Petition pending before the court. Respondent points out that Mr. Ahearn verified his knowledge of the facts giving rise to the Petition. In addition, at the hearing on these motions, Respondent argued that Mr. Ahearn may know facts underlying the allegations of the Petition.

The court finds that Petitioner's Motion should be granted. Mr. Ahearn was not a witness to the events at issue in this case and has no first hand knowledge of relevant evidence in the case. Furthermore, any and all evidence relied upon by Mr. Ahearn in bringing the Petitioner was presented at the administrative hearing. The evidence to be considered by the ALJ in determining the merits of the alleged unfair labor practices and which form the basis for determining reasonable cause in the injunctive proceeding before the District Court, is contained solely in the record before the ALJ. Thus, the only reasonable area of inquiry would involve Mr. Ahearn's mental impressions and opinions in weighing the evidence generated from the Board's investigation. Mr. Ahearn was the "recipient of information distilled from the investigations of his agents and of analysis which is clearly the work product of his attorneys and investigators." *NLRB v. Trades Council*, 131 LRRM 2022, 2024, 1989 WL 98643 (3d Cir.1989) (attached to Petitioner's Memorandum in Support of Motion to Quash). As such, any information within Mr. Ahearn's knowledge and control "is so intertwined with the litigation process of the Board as to be privileged absent a showing of substantial need and inability to obtain the information by other means." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 512–513, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 592–93 (3d Cir.1984)). Respondent has not made the requisite showing of substantial need or an inability to obtain the information by other means. Therefore, it is hereby **ORDERED** that Petitioner's Motion to Quash is **GRANTED**.

*Motion to Quash or for Protective Order— Frank Hornick/the Union*

Respondents served two subpoenas, one seeking production of documents from Service Employees International Union, District 1119 (the "Union") and the other seeking to depose Frank Hornick, the Union representative who services the West Virginia unionized operations of Respondent and the Union's records custodian. Mr. Hornick and the Union (collectively referred to as the "Union") argue that the information and documents sought are irrelevant and confidential.

■ Respondent's subpoena *duces tecum* served on the Union identified twelve (12) document requests. The Union agreed to produce documents responsive to Request Numbers 4 through 10, with agreement from Respondent that by turning over such documents, the Union did not waive any rights to object in other proceedings. The remaining document requests are set forth verbatim below, followed by the court's ruling as to each document request.

1. Any and all documents relating to any petitions signed by or circulated among Respondent's Logan County, West Virginia employees, indicating either support or lack of support for District 1199, the Health Care and Social Service Employees Union, AFL–CIO ("SEIU").

At the hearing, counsel for the Union provided the one document responsive to this request to the court *in camera*. It consists of a memorandum dated March 3, 2002. After the hearing, Respondent provided a copy of a memorandum dated September 1, 2001, that included signatures of employees who no longer wished to be represented by the Union. It is hereby **ORDERED** that the two memoranda, marked for identification as Court Exhibits One and Two, respectively, are filed **under seal**.

The Union argues that the document responsive to this request is confidential because it was prepared by Mr. Hornick to assess Union strength at a particular time and assurances were given to the persons identified therein that their identity would not be revealed unless absolutely necessary.

Respondent argues that the issue of Union support among its employees, or the lack thereof, is relevant to the instant case, and the case law relied upon by the Union is inapposite.

The court finds that the document responsive to Request Number 1 goes to the issue of whether Respondent lawfully withdrew recognition of the Union based on a majority of employees declining Union representation and, as a result, may have some bearing on the issues to be decided by the District Court related to reasonable cause. The court finds the Union's reliance on *International Union v. Garner*, 102 F.R.D. 108, 115 (M.D.Tenn. 1984), misplaced, as that case involved union authorization cards, and the employer in that case had previously engaged in unlawful surveillance of known union members, which conduct allegedly would continue if the employer were provided a list of additional union supporters. Such allegations are not present in the instant case.

The court is sensitive to the concerns of the Union related to confidentiality and directed the parties to submit an agreed protective order using *D'Amico v. Cox Creek Refining Co.*, 126 F.R.D. 501, 506–07 (D.Md. 1989), as a model. The court is in receipt of the parties' proposed (1) Protective Language Proposed by SEIU, Hornick and Voca and (2) Order Pursuant to FRCP 26(c), finds both documents acceptable and will enter the Order. Accordingly, it is hereby **ORDERED** that the Union's Motion is **DENIED** as to Document Request Number 1 and that if no objections to this court's order are filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, on or before July 25, 2002, counsel for Respondent may submit a letter to the court (copy to counsel for Petitioner and the Union), requesting a copy of the document.

2. Any and all documents, including any position statements or correspondence, prepared by or on behalf of SEIU and relating to National Labor Relations Board ("NLRB") charge and case number 9–CA–38751.

■ The Union represented that only one of three statements given by Mr. Hornick to the NLRB mentions any specifics pertaining to the allegations at issue in the Petition. Mr. Hornick represented at the hearing that Petitioner produced this statement dated October 16, 2001, to Respondent. The Union submitted to the court *in camera,* the two remaining statements by Mr. Hornick dated February 7, 2002, and March 8, 2002. It is hereby **ORDERED** that the two statements, marked for identification as Court Exhibits Three and Four, respectively are filed **under seal.**

The court has reviewed the two statements and finds that they pertain to other cases and do not relate to the matters at issue before the District Court. *Madden v. Milk Wagon Drivers Union Local 753,* 229 F.Supp. 490, 492 (N.D.Ill.1964) (respondent in a 10(j) proceeding is limited to the issues raised by the petition for an injunction). Accordingly, it is hereby **ORDERED** that the Union's Motion is **GRANTED** as to Document Request Number 2.

3. Any and all documents, including any affidavits, questionnaires, requests for information, responses to requests for information, or statements, sent by SEIU to, or obtained from, any of Respondent's current or former Logan County, West Virginia employees, from January, 2001 to the present.

The Union represents that there are no documents responsive to this request and, as a result, it is hereby **ORDERED** that the Union's Motion as to Document Request Number 3 is **GRANTED.**

11. Any and all documents relating to negotiations held between SEIU and Rescare West Virginia, d/b/a/ Voca Corporation of West Virginia, Inc., from January 2000 to the present, including, but not limited to, documents relating to wages, health insurance benefits, and any and all other employment benefits. This request includes, but is not limited to, all notes, bargaining proposals, offer rejections, and summaries of negotiations.

■ The Union argues that the documents requested in Document Request Number 11 do not relate to the alleged conduct of Respondent in unlawfully obtaining employee support for a decertification petition. Respon-

dent argues that the documents are relevant to the September 2001, alleged unlawful wage increase at issue, which the injunctive relief, if granted, would reverse.

The court finds that the documents sought in Request Number 11 relate to bargaining conduct, not to the issue of whether Respondent unlawfully withdrew recognition of the Union based on a majority of employees declining Union representation. Because documents responsive to this request are not relevant to the issues before the District Court related to reasonable cause, it is hereby **ORDERED** that the Union's Motion is **GRANTED** with respect to Document Request Number 11.

12. Any and all documents relating to grievances filed by SEIU, including answers to all grievances, from January 2001 to the present.

■ As Respondent points out in its response, the underlying charge alleges unlawful refusal to take two employees' grievances to arbitration. (Document #1, ¶ 6(k).) However, the Union argues that documents relating to other grievances are not discoverable.

The court finds that documents about past grievances shed light on the allegations contained in the Petition and issues before the District Court related to reasonable cause. Accordingly, it is hereby **ORDERED** that the Union's Motion is **DENIED** as to Document Request Number 12.

■ Finally, as to Mr. Hornick's deposition, counsel for the Union explained at the hearing that despite the fact his client was not a witness at the administrative proceedings, he does not oppose the taking of Mr. Hornick's deposition altogether. Instead, he requests that the court limit the topics of the deposition to the narrow charge and circumstances for which injunctive relief is sought. In particular, Mr. Hornick seeks a protective order preventing questioning as to collective bargaining negotiations for the entire West Virginia unit, grievance handling at the Man facilities, unfair labor practices at other West Virginia and some Ohio facilities and union support of the Man locations. Finally, Mr. Hornick argues that pursuant to *International Union v. Garner*, 102 F.R.D. 108 (M.D.Tenn.1984), to the extent he learned information through Union members, such information is privileged and cannot be disclosed.

Respondent argues that Mr. Hornick is the union organizer for the West Virginia units, he worked with the Logan employees, attended the Board hearing and initiated the entire matter by filing an unfair labor practice charge with the Board. As such, Mr. Hornick waived any applicable privilege, and his deposition is entirely appropriate.

The court has reviewed *Garner* and, as discussed above, finds it is distinguishable from the instant case. The court further finds the case of *Kobell v. Reid Plastics, Inc.*, 136 F.R.D. 575, 580 (W.D.Pa.1991), convincing, wherein the court allowed the deposition of the union's field organizer because the union was the charging party which presumably assisted the Board's investigation and provided the Board with evidence and witnesses relied on by the Board to establish its case. However, the court finds that Mr. Hornick's deposition must be limited to questions relating to the unfair labor practices alleged in the Petition. It is hereby **ORDERED** that the Union's Motion is **DENIED** with respect to the taking of Mr. Hornick's deposition. Mr. Hornick's deposition may proceed within the parameters of the court's order outlined above.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion to Quash Respondent's Notice of Deposition Pending Decision Pursuant to Fed.R.Civ.P. 26(C)(1) is **GRANTED**. It is further hereby **ORDERED** that the Motion to Quash or for Protective Order filed by nonparties, Frank Hornick and his employer, District 1199, the Service Employees International Union is **GRANTED in part and DENIED in part** as set forth more fully above.

The Clerk is requested to fax and mail a copy of this Memorandum Opinion and Order to all counsel of record and James M. Haviland, Crandall Pyles Haviland Turner & Twyman, LLP, P.O. Box 3465, Charleston,

WV 25334 and post this published opinion at *http://www.wvsd.uscourts.gov.*